## McCARTER v. CITY OF FLORENCE.
### (8 Div. 789.)

(Supreme Court of Alabama. June 18, 1925.)

1. **Appeal and error ☞390—Motion to dismiss appeal denied, where appellant gave proper appeal bond under statute thereafter.**

A motion to dismiss an appeal for want of sufficient appeal bond will be denied, where, after motion was made, appellant gave a sufficient appeal bond, as required by Code 1923, § 6145.

2. **Habeas corpus ☞113(3)—Appeal from an order of court of probate denying petition for habeas corpus authorized, in view of statute.**

Although Code 1907, § 6245, allowing appeal from judgment in habeas corpus, was materially changed by its appearance as Code 1923, § 3238, yet an appeal from an order of court of probate denying petition for habeas corpus is authorized, in view of sections 4310 and 6114.

3. **Commerce ☞67—Bond required of, and license tax imposed on, solicitor taking orders for goods to be shipped buyers from another state held burden on interstate commerce.**

Ordinance requiring solicitors going from house to house and taking orders for goods for future delivery to pay license fee and give bond cannot apply to persons soliciting orders within state for goods manufactured in another state and shipped to customer by mail, since such bond and fee would materially burden and tax interstate commerce in conflict with the commerce clause.

Appeal from Probate Court, Lauderdale County; J. I. McClure, Judge.

Petition of W. D. McCarter against the City of Florence for habeas corpus. From a judgment denying relief, petitioner appeals. Transferred from Court of Appeals under Code of 1923, § 7326. Reversed and remanded.

Simpson & Simpson, of Florence, for appellant.

The business in which appellant was engaged was interstate commerce, and not subject to taxation by local authorities. Robbins v. Shelby Taxing Dist., 120 U. S. 497, 7 S. Ct. 592, 30 L. Ed. 694; Texas Transport Co. v. New Orleans, 264 U. S. 150, 44 S. Ct. 242, 68 L. Ed. 611, 34 A. L. R. 907; Brennan v. Titusville, 153 U. S. 289, 14 S. Ct. 829, 38 L. Ed. 719; Dobbins v. Los Angeles, 195 U. S. 236, 25 S. Ct. 18, 49 L. Ed. 169; Stockard v. Morgan, 185 U. S. 27, 22 S. Ct. 576, 46 L. Ed. 785; Caldwell v. N. C., 187 U. S. 622, 23 S. Ct. 229, 47 L. Ed. 336; Rearick v. Pennsylvania, 203 U. S. 507, 27 S. Ct. 159, 51 L. Ed. 295; Crenshaw v. Arkansas, 227 U. S. 389, 33 S. Ct. 294, 57 L. Ed. 565; Stewart v. Michigan, 232 U. S. 665, 34 S. Ct. 476, 58 L. Ed. 786; Brown v. Md., 12 Wheat. 419, 6 L. Ed. 678; Real Silk Hosiery Mills v. Portland, 45 S. Ct. 525, 69 L. Ed. 982. Appeal lies from the judgment in this case. Code 1923, § 6114; Stewart v. Paul, 141 Ala. 516, 37 So. 691; Shows v. Pendry, 93 Ala. 248, 9 So. 462; 29 C. J. 188. The giving of additional bond cured any defect in the original bond. Code 1923, § 6145.

Orlan B. Hill, Jr., and Mitchell & Hughston, all of Florence, for appellee.

There is no right of appeal from this judgment. Code 1923, § 3228. The bond providing that, if the ruling of the probate judge be reversed, the bond shall be null and void, is defective. The bond should have been made payable to the custodian of the petitioner.

MILLER, J. The appellant was arrested and imprisoned for unlawfully engaging in the business of solicitor in the city of Florence without first having obtained a license to engage in such business, against the laws and ordinances of the city. The appellant filed with the judge of probate a petition for writ of habeas corpus, and prayed that on the hearing that he be discharged on the ground the ordinance under which he was arrested and is restrained of his liberty has no application to him and his business; that it is contrary to the Constitution of the United States; that the license required of him under the ordinance is a direct tax and burden on interstate commerce, and that he is entitled to be discharged on the hearing of the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

petition; and that in soliciting orders, for which he was arrested and is imprisoned, he was engaged in interstate commerce business, and this ordinance conflicts with the commerce clause. The judge of probate on the hearing, by judgment, denied the petition, holding appellant was not illegally restrained of his liberty, and remanded him to the custody of the chief of police of the city of Florence. This appeal is prosecuted by appellant from that order or judgment of the judge of probate.

The petition was filed with the judge of probate on February 17, 1925, and the order or judgment on the hearing of it was rendered by him on February 18, 1925. This was after the Code of 1923 went into effect on August 17, 1924, and its provisions are applicable.

[1] The appellee moves to dismiss this appeal because the appeal is unauthorized by statute, and the appeal bond does not contain the proper condition, and is payable to improper officer. The appellant, after this motion was made, gave sufficient bond, which was taken and certified to the appellate court by the judge of probate, certifying the appeal, as the statute [section 6145, Code 1923], permits and provides; and the appeal cannot now be dismissed for want of a sufficient appeal bond. Section 6145, Code 1923.

[2] It is true section 6245, Code of 1907, allowing an appeal by 'any party aggrieved from a judgment on the trial of a habeas corpus, was materially changed by its appearance as section 3238, Code 1923; but section 6114 of the Code of 1923 allows an appeal to this court from "any final judgment, order or decree' of the judge of probate"; and in all cases where it may of right be done the appellate court shall render such decree, order, or judgment as the judge of probate 'ought to have rendered. This statute (section 6114, Code 1923) is sufficiently broad and comprehensive to include this order of the judge of probate in this cause, which is a final order or judgment of the judge of probate; and an appeal to this court therefrom is authorized by that statute. Sections 4310 and 6114, Code 1923; Stewart v. Paul, 141 Ala. 516, 37 So. 691; and Shows v. Pendry, 93 Ala. 248, 9 So. 462. The motion of appellee to dismiss the appeal is denied.

[3] The appellant was arrested and is restrained of his liberty by the chief of police of Florence under a warrant charging him with violating this part of an ordinance of that city adopted December 23, 1924, under section 141:

"Any person who goes from house to house, or from place to place in the city of Florence, selling or taking orders for, or offering to sell or take orders for goods, wares or merchandise, or any article for future delivery, or for services to be performed in the future, or for the making, manufacturing or repairing any article or thing whatsoever for future delivery, to pay a license and give bond where such persons demanded or accepted or received payment or deposit of money in advance of final delivery."

The ordinance makes it unlawful for any person soliciting orders in the city, as above set out, without first securing a license from the city clerk to do so; and, in order to secure the license, among other things, a bond with surety must be given in the sum of $200 for final delivery of the goods ordered, and a license tax of $25 for the calendar year in which issued must be paid by a "solicitor on foot." The punishment fixed for the violation of the ordinance is not exceeding $100 fine, or imprisonment not exceeding six months, or both, at the discretion of the court, besides the cost of the prosecution.

The petitioner before he was arrested did not make application for license, had no license, gave no bond, and paid no license tax as the ordinance required. He was an agent of the Noe-Equl Textile Mills, a business corporation, organized in and has its principal office at Reading in the state of Pennsylvania. It manufactures and prepares for shipment, and ships its goods from Reading, Pa. It manufactures silk hose and lingerie. It has agents in various parts of the United States to sell such goods by sample, collecting a down payment, when written order to the corporation is made by the purchaser. This written order is sent to the sales manager of the district—that of the defendant was in Birmingham, Ala.—and the order is mailed by the district manager direct to the Noe-Equl Textile Mills at Reading, Pa., and the goods ordered are shipped direct from there by mail to the customer ordering the goods, C. O. D., for balance of the purchase price. The petitioner in the city of Florence solicited and sold to Ivan White on February 17, 1925, by written order addressed to Noe-Equl Textile Mills, Reading, Pa., signed by White, three pairs of hose for $3.50, for which he paid petitioner 50 cents, and the balance was to be paid, C. O. D., when he received the hose from Reading, Pa. This written order was mailed by petitioner to the district manager in Birmingham, Ala., and he mailed it to the Noe-Equl Textile Mills, Reading, Pa., and from there the goods—hose—were shipped or were to be shipped by mail, C. O. D., for the $3, direct to Ivan White at Florence, Ala. The petitioner, prior to his arrest, solicited other persons in the city of Florence in an effort to sell them hosiery on the same terms, same basis, and from the same house.

The Supreme Court of the United States in Real Silk Hosiery Mills v. City of Portland, 45 S. Ct. 525, 69 L. Ed. 982, wrote:

" 'The negotiation of sales of goods which are in another state, for the purpose of introducing them into the state in which the negotiation is made, is interstate commerce.' Manifestly, no license fee could have been required of appel-

lant's solicitors if they had travelled at its expense and received their compensation by direct remittances from it. And we are unable to see that the burden on interstate commerce is different or less because they are paid through retention of advance partial payments made under definite contracts negotiated by them. Nor can we accept the theory that an expressed purpose to prevent possible frauds is enough to justify legislation which really interferes with the free flow of legitimate interstate commerce."

See Shafer v. Farmers' Grain Co. (May 4, 1925) 45 S. Ct. 481, 69 L. Ed. 909.

The goods in this cause were in another state (Pennsylvania) at the time the negotiation of the sale of them was being made by appellant in this state; and under the written order they were to be shipped by the vendor from that state direct by mail, C. O. D., for the balance of the purchase price to the vendee in this state, to be delivered to him in the city of Florence, Ala., when the balance of the purchase price was paid by him. This was interstate commerce business in which petitioner, appellant, was engaged. The petitioner under the undisputed evidence was engaged in interstate commerce.

In Robbins v. Shelby Taxing Dist., 120 U. S. 497, 7 S. Ct. 592, 30 L. Ed. 694, the court wrote:

"But to tax the sale of such goods, or the offer to sell them, before they are brought into the state, is a very different thing, and seems to us clearly a tax on interstate commerce itself."

The bond of $200 required to be made, and the $25 license tax to be paid by him by this ordinance before engaging in this business in the city of Florence, Ala., is a material burden on interstate commerce; it is a tax on interstate commerce; it is in direct conflict with the commerce clause; and it cannot apply to this business of the petitioner. Robbins v. Shelby Taxing Dist., 120 U. S. 489, 497, 7 S. Ct. 592, 30 L. Ed. 694. The case of Real Silk Hosiery Mills v. City of Portland (1925) 45 S. Ct. 525, 69 L. Ed. 982, is directly in point, and decisive of this cause.

It results that petitioner is illegally restrained of his liberty, and he should have been discharged by order of the judge of probate instead of being remanded to the custody of the chief of police of the city of Florence.

The order of the judge or probate is reversed; and an order will be entered here discharging the petitioner, W. D. McCarter, as the statute directs. Section 6114, Code 1923.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.