(123 So. 87)

CRADDOCK et al. v. OLIVER, Probate Judge.

(3 Div. 633.)

Court of Appeals of Alabama.    March 19, 1929.

Rehearing Denied May 14, 1929.

184

Charlie C. McCall, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for petitioners.

Jas. W. Strother and Geo. C. Douville, both of Dadeville, opposed.

SAMFORD, J.  Where a judge or a court undertakes to act in a matter in which he or it has no jurisdiction, prohibition is the proper remedy. 32 Cyc. 610 (12); Ex parte Ray et al., 45 Ala. 15.

The power granted to judges of probate by section 9591 of the Code of 1923: "To, grant writs of habeas corpus in those cases in which the power is conferred by law"—is a statutory grant of power to the judge, and not to the probate court. It is as probate judge, and not as a probate court, that he hears and determines petitions for habeas corpus. The court of probate as such is not authorized to grant or hear the petition for discharge. Carwile v. State (Ala. Sup.) 39 So. 1024. This distinction is recognized in section 6114 of the Code of 1923, as construed in McCarter v. City of Florence, 213 Ala. 367, 104 So. 806, in that attention is called to the right of appeal from "order of the judge of probate."

The powers to punish for contempt, etc., as provided in sections 8574–8576 and 8579 of the Code of 1923, are vested in and limited to the court, and not the judges, and it is only while he is acting as a court that a contempt is possible. State ex rel. Gaston v. Cunninghame, 216 Ala. 423, 113 So. 309.

The respondent, acting as probate judge of Tallapoosa county, issued a writ of habeas corpus upon the petition of one Ed Sims, who was confined in the jail of Tallapoosa county without process or warrant. This writ was returnable before respondent, as probate judge, on a day certain. Upon the day set the sheriff of the county to whom the writ was directed produced the petitioner before respondent as ordered. For cause shown the cause was continued to a day in the future, and by order of respondent Sims was admitted to bail, conditioned for his appearance on the day set. Pending this continuance the petitioners here procured a warrant for Sims before a justice of the peace in Macon county on a charge of robbery alleged to have been committed in Macon county, and for which Sims had been originally detained and imprisoned by the sheriff of Tallapoosa county. Sims was first arrested without warrant on a charge of felony committed in Macon

county and confined in jail in Tallapoosa county.

Upon the arrest being made of Sims by these petitioners, acting as officers of the state under a warrant regularly issued, they took Sims, incarcerated him in accordance with the warrant and order of the judge of the circuit in which the crime is alleged to have been committed, and thus prevented him from appearing before this respondent in the habeas corpus proceeding there pending. Upon an unsworn information presented by J. W. Strother, attorney for Sims, setting up the above facts, the respondent here issued a citation, directed to the petitioners here, requiring them to appear before the respondent on a day certain and show cause why they and each of them should not be adjudged in contempt of court for and on account of the things alleged.

The powers and jurisdiction of the respondent as probate judge are provided and defined in section 9591 and section 4305 et seq. of the Code of 1923. This jurisdiction, as is seen above, is limited to the judge and does not extend to the court. The processes incident to writs of habeas corpus are protected by various statutes incident thereto. In this case, if the parties are guilty of the matters and things charged in the information, the remedy is given under section 4315 of the Code of 1923. But this, we take it, is not exclusive. Nor will this statute prevent a citation for contempt if the citation is legal.

While the judge of probate is sitting as a court to try and determine the matters in issue, it may be said that in a limited sense he is a court, and as such he has the power to punish for contempt, as defined and limited by section 8574 of the Code of 1923. To be authorized to proceed in a constructive contempt, such as is here presented, the offending party must have notice of the nature and character of the charge, and be given an opportunity to answer and defend himself. This is usually done by a rule nisi, as was done in this case. Ex parte Bankhead, 200 Ala. 102, 75 So. 478.

This rule nisi in cases of constructive contempt of a criminal nature must be based upon a sufficient information or affidavit, setting forth in general terms the acts complained of and this initiatory information or affidavit is jurisdictional. 13 Cyc. 64, 89, note 82.

Although there are some authorities to the contrary, the best authority is to the effect that in cases involving constructive criminal contempt a formal accusation is essential. Such accusation takes the place of an indictment or information in a criminal case and must be sworn to by some person having knowledge of the fact. Enc. of Pl. and Pr. vol. 4, p. 799; Stand. Enc. of Pro.

vol. 5, p. 330; Ex parte Duncan, 78 Tex. Cr. R. 447, 182 S. W. 313, 2 A. L. R. 225, note. All of these cases and many more were cited and quoted from at length by Bricken, P. J., in the case of Robertson v. State, 20 Ala. App. 514, 104 So. 561.

In the absence of an information or affidavit, sworn to by some person having knowledge of the facts, the judge of probate was without jurisdiction to proceed in this case.

The demurrer to the petition is overruled, and the writ of prohibition is awarded.

Writ awarded.