184 So. 168

**JONES et al. v. FIRST NAT. BANK OF ASHLAND.**

**7 Div. 471.**

Supreme Court of Alabama.

Oct. 13, 1938.

Rehearing Denied Nov. 10, 1938.

Walter S. Smith and Walter S. Smith, Jr., both of Birmingham, for appellants.

E. J. Garrison, of Ashland, for appellee.

FOSTER, Justice.

The purpose of this suit in equity is to reform a mortgage and its. foreclosure deed to the mortgagee as the purchaser at the sale so as to correct an erroneous feature of the description set out in them both, relating to the government numbers.

The answer denies the execution of the mortgage, and, therefore, that there was any mistake in the description, but admits the execution of the notes to secure borrowed money, with M. F. Jones as surety. It alleges that he paid the debt and the notes were surrendered to him by the bank, the payee.

A further defense set up is· that the land was the homestead of the mortgagors, and that the purported acknowledgment was before an officer and stockholder of the bank, and that the mortgage was on that account null and void.

The answer was made a cross-bill and prayed for a cancellation of the mortgage and foreclosure deed, and for an accounting for rents and profits and a surrender of possession of the land to cross-complainant. By an amendment, they deny that they appeared before the notary public, or that they made any acknowledgment before him.

The answer to the cross-bill denied the payment of that debt by M. F. Jones, and that the notes were turned over to him as evidence of any such settlement, but that he settled certain litigation as to other transactions and included in the settlement was the liability of M. F. Jones as surety, and the notes were turned over to him for that reason and at the same time began to foreclose the mortgage; that complainant went into possession of the land after the foreclosure on May

7, 1928, and has had possession ever since; that the mortgage was given for money borrowed then and there to pay the purchase price of the land. The answer denies that the notary public was a stockholder or had any financial interest that would disqualify him.

On the issues thus made there was a hearing and the witnesses testified in open court before the presiding judge, and their testimony was reported by the court reporter and certified by him, showing the name of each witness examined, by whom offered, all the questions and answers on direct and cross-examination, and the documents offered as exhibits.

The note of testimony shows that both parties submitted the cause for decree on final hearing on certain named pleadings and exhibits "and upon the following testimony, to-wit: as taken down by the court reporter, including testimony of W. L. Jones, U. V. Jones and Garfield Coleman, and all exhibits to the testimony so taken, including four notes, deed and mortgage, cancelled check and notation thereon and receipt offered in evidence by respondents." The witnesses thus named were the two respondents and another they introduced. The names of none of complainant's witnesses are so recited.

Appellant argues here that therefore their testimony is not proper for consideration on this appeal, nor was it so properly considered in the circuit court under rule 75, Chancery Practice. That is the chief argument of counsel made on this submission.

If the testimony of complainant's witnesses is to be considered, it was sufficient to create a conflict in the evidence of such sort as that the decision of the trial judge upon the issues made on the evidence heard by him in open court, should not be disturbed on well known principles. So that the question is dependent upon a proper construction of the note of testimony. We have set out those features of it which affect the question.

■ Upon the authority of our case of Johnston v. Johnston, 229 Ala. 592, 158 So. 528, if the note of testimony had named none of the witnesses, there would be no doubt about its meaning and sufficiency as an inclusion of it all as reported and certified.

■ The fact that the note further declares that it includes the testimony of respondents and one of their witnesses does not restrict the general statement that it is submitted on the testimony as taken down by the court reporter. That means all of it, not merely that part said to be included. The diligence and precaution of respondents, or their counsel, to name their witnesses when it was not necessary should not be treated as meaning that something less was meant than what was stated in plain and unambiguous terms. The mere fact that there were two hearings before the judge on two separate dates in which the evidence was separately taken and separately certified does not make the note of testimony have the effect of limiting the evidence as thus noted to that last heard which was had on the day when the decree was rendered.

■■ It is also insisted that the notary public was an officer and stockholder and that a mortgage on a married man's homestead certified by one so connected is void. The evidence shows that he was the assistant cashier of the bank, but not a stockholder at that time. In order that the deed shall be affected by such infirmity, the officer must have had some financial interest in the corporate mortgagee. The mere fact that he is an officer of such corporation is not sufficient to invalidate the mortgage, unless he is also a stockholder or has some other financial interest. Haves v. Southern Home Bldg. & Loan Ass'n, 124 Ala. 663, 26 So. 527, 82 Am.St.Rep. 216; Monroe v. Arthur, 126 Ala. 362, 28 So. 476, 85 Am.St.Rep. 36.

■ Moreover, this cannot be shown except on direct attack, in which those seeking such relief must offer to do equity if the bill or cross-bill making such attack shows that anything was obtained on the security of the mortgage; if not, it may be set up in the answer. If it is shown that there be such a situation relief will not be granted without a restoration of what was thus received. Sumners v. Jordan, 220 Ala. 402, 125 So. 642; Becker Roofing Co. v. F. & N. Bank, 223 Ala. 132, 134 So. 635. The answer to the cross-bill makes this plain.

■ There is a tendency of the evidence which shows that the mortgagors did not appear before the notary public for the purpose of making an acknowledgment, and made none. This is an impeachment which is available if proven. Fies & Sons v. Lowery, 226 Ala. 329,

147 So. 136; 2 Alabama Dig., Acknowledgment, p. 93, ☞ 55. As in that .case, so here, the notary did not have an independent recollection of the transaction, but that is not a reflection upon the truth of what he certified, nor its legal effect. See, also, Mitchell v. Bottoms, 228 Ala. 225, .153 So. 424; Williams v. Riddlesperger, 227 Ala. 113, 148 So. 803.

With respect to this question, as the other issues of fact, we see nothing to overturn the finding of the trial judge.

The decree is accordingly. affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.