15 So.2d 576

**SHAVER et al. v. SHAVER et al.**

**4 Div. 310.**

Supreme Court of Alabama.

Nov. 18, 1943.

J. C. Fleming, of Elba, for appellants.

Murphy & Cook, of Andalusia, for appellees.

GARDNER, Chief Justice.

The bill in this case was filed upon the theory that Henry E. Shaver, deceased, a brother of the complainants, and a member of the partnership of Shaver Bros., formed in 1904, has invested money belonging to the firm in property located at Andalusia, Alabama, particularly described in the bill, which property is sought to be declared as belonging to the partnership and subject to division as such.

The partnership agreement was oral, the father and sons constituting the members of the firm. After the father's death, the partnership was continued by the several brothers. The bill was filed in the latter part of December, 1938. It appears that Henry E. Shaver died in December, 1938, only a short time previous to the filing of the bill.

From the undisputed proof it is disclosed that in 1918 some of these complainants, brothers of Henry E. Shaver, became dissatisfied and brought suit against him, and attached by garnishment some $5,400 on deposit in the bank at Andalusia. In July, 1918, this suit was settled by agreement of the parties. There was a division of the money, as well as a division of certain real estate owned by the brothers. Complainants insist, however, that Henry E. Shaver had invested large sums of money belonging to the firm, for which he had not accounted, and that the purchase of the property in Andalusia was made with funds of the partnership, the accumulation of which he had concealed from his brothers, the other members of the firm.

The record is rather voluminous, and its discussion here in detail would serve no useful purpose. Indeed, the passage of the Act of 1915, page 594, now Sec. 60, Title 13, Code of 1940, this court has considered as a legislative invitation to omit from opinions any detailed discussion of facts which serve no useful purpose. Federal Land Bank v. Williams, 237 Ala. 318, 186 So.

689. Suffice it to say that the evidence has here been most carefully examined, with no detail of fact escaping notice. It may also be added that the learned special judge has written two clear and helpful opinions in the cause, one upon consideration of the demurrer, correctly stating the law applicable to suits of this character, and the other upon final submission of the cause on pleadings and proof, citing applicable authorities and making reference to much of the testimony in the cause.

■ Counsel for complainants appears to argue the cause on this appeal as if the decision of the court below was rested solely upon the doctrine of laches. True, that was one ground stated by the special judge in his opinion upon which he thought relief should be denied. We may add that we likewise have reached the conclusion that the long delay, practically a period of twenty years after the settlement of the lawsuit to which reference is above made, would suffice to deny relief. As observed in Rives v. Morris, 108 Ala. 527, 18 So. 743, clearly from this long delay, with loss of evidence and the death of Henry E. Shaver, the brother whose estate is sought to be made to respond, it would be difficult if not impossible to do justice, and any conclusion the court may arrive at would at best be conjectural, an insufficient basis upon which the decree of the equity court could justly be founded. The case of Norwood v. American Trust & Savings Bank, 216 Ala. 602, 114 So. 220, likewise fully supports this view, and tends to demonstrate that no sufficient excuse is here shown for a failure to institute this suit at an earlier date.

■ But it is an erroneous assumption that the trial court rested the conclusion alone upon the doctrine of laches. Indeed, the opinion shows that upon the real merits of the case, and aside from the question of lapse of time, the complainants had failed to produce sufficient proof that money of the partnership was used in the purchase or the improvement of this Andalusia property. In the decree it is stated that "Henry E. Shaver used none of the partnership assets to purchase the real property described in the original bill; that Henry E. Shaver during his life was not a trustee for said partnership, or any of the complainants, to said property." We have studied the evidence with much care as to this particular phase of the case, and find ourselves likewise in agreement with these conclusions.

■ The insistence on the part of the complainants that the mortgages executed by Henry E. Shaver to C. S. O'Neal were fictitious and made for any fraudulent purpose is wholly refuted by the proof. It is clear enough these transactions were made in entire good faith, and the notes and mortgages executed for money actually lent. And, indeed, the proof shows that something in the neighborhood of $10,000 was due thereon at the time this suit was filed. It is clear enough, also, that complainants have entertained an entirely exaggerated value of the property here in question. Indeed, so far as the record discloses, it is doubtful that it would have brought any great amount in excess of the mortgage indebtedness.

But we forego further discussion. The trial court has reached the correct conclusion, and the decree appealed from is due to be affirmed.

Affirmed.

THOMAS, BROWN, and LIVINGSTON, JJ., concur.