37 So.2d 280

## HUNTER v. STATE.
### 6 Div. 558.

Court of Appeals of Alabama.
Aug. 3, 1948.

Rehearing Denied Oct. 5, 1948.

Boutwell, Pointer & Hawkins, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

CARR, Judge.

This cause is before this court by certiorari to review the action of the circuit court in pronouncing a contempt judgment against the petitioner.

Under the provisions of Title 13, Section 88, Code 1940, we certified to the Supreme Court the following:

"To the Supreme Court of Alabama:

"We have presented for our review the case of Frank Hunter v. State.

"It appears from the record that, without the filing or accompaniment of a sworn supporting affidavit, the following citation was served on the petitioner here:

" 'Citation for Contempt
State of Alabama
Jefferson County

In the Circuit Court of the Tenth
Judicial Circuit of Alabama

" 'Whereas, Heretofore, on May 14th, 1947, there was tried before Judge Edgar Bowron, Judge of said Court, Case No. 13502-X, in which Mrs. Lula Bell Camp, as Administratrix of the Estate of Herschel L. Camp, Deceased, against the Atlantic Coast Line Railroad Company, a corporation, Defendant, was tried and a judgment rendered in said Court, and

" 'Whereas, one James T. McGill appeared as a witness for Plaintiff and testified that he had witnessed an accident in which Herschel L. Camp had been killed, having been run over by a train owned and operated by the Atlantic Coast Line Railroad Company, said accident having occurred in Jefferson County, State of Alabama, and

" 'Whereas, said witness testified to facts and circumstances surrounding the accident, and testified that he was an eye witness to the accident after being duly sworn according to law, and

" 'Whereas, on the 18th day of July, 1947, said James T. McGill made a sworn statement in which he said that he did not see the accident in which Mr. Camp was killed by the Atlantic Coast Line train, knew nothing of the facts or circumstances concerning the accident until approached by Frank Hunter on May 9th, 1947, at which time Hunter stated to McGill that he was looking for a lost man to appear in Court in a train accident in which the flagman had been killed and that the man looked like McGill, and that if McGill would appear and say what they told him to say, McGill would be given one-third of Five Hundred Dollars ($500.00). McGill agreed and was taken to the place where the accident happened on Cotton Avenue between Sixth and Seventh Streets in Birmingham, and the manner in which the accident is alleged to have happened and the manner in which to testify was explained to him by Hunter. On the following day Hunter took McGill to Honorable Howard Perdue's office, Attorney-at-law, and told Mr. Perdue that McGill was the lost witness who had witnessed the accident.

" 'Whereupon, Premises Considered, it appears to this Court that there is probable cause to believe that Frank Hunter is guilty of contempt of this Court as follows: namely,

" '1. That the said Frank Hunter did corruptly procure James T. McGill to corruptly swear or falsely affirm in regard to a material matter or thing upon oath or affirmation authorized by law in the cause styled Mrs. Lula Bell Camp, as Administratrix of the estate of Herschel L. Camp, Deceased, vs. Atlantic Coast Line Railroad Company, a corporation, Defendant.

" 'Now, Therefore, It is ordered and adjudged by the Court that Frank Hunter shall appear before the undersigned J. Edgar Bowron, as Judge of the Circuit Court of said county, in open court the 17th day of September, 1947, at 10 A.M., then and there to show cause, if any he has, why he should not be held and adjudged to be in contempt of this Court.

" 'J. Edgar Bowron, Circuit Judge'

"The record discloses, also, that Hunter appeared as directed. He did not inter-

pose any objection to nor in any way question the authority of the court to proceed with the hearing. Testimony was taken and after the consideration of same, the court ordered 'that the Respondent, Frank Hunter, be and he is hereby adjudged in contempt of court as charged * * *.'

"We are here faced with the task of determining whether or not, in the absence of an affidavit stating the facts constituting the alleged contempt, the court had the authority to proceed as indicated.

"In the case of Robertson v. State, 20 Ala.App. 514, 104 So. 561, this court had before it the question of the sufficiency of the affidavit and the proper presentation of same. Presiding Judge Bricken, writing for the court, went into the matter at length. He cited and quoted many authorities in support of his conclusions. The effect of the holding of this case is that in all contempt proceedings, except for those that are committed in the immediate presence of the court, an affidavit is essential. This opinion was not reviewed by the Supreme Court.

"Again, a similar question was before this court in Craddock v. Oliver, 23 Ala. App. 183, 123 So. 87. In response to the inquiry, we observed: 'This rule nisi in cases of constructive contempt of a criminal nature must be based upon a sufficient information or affidavit, setting forth in general terms the acts complained of and this initiatory information or affidavit is jurisdictional. 13 Cyc. 64, 89, note 82.' On certiorari to the Supreme Court, the writ was denied without an opinion.

"See also, Ex parte Gunnels, 25 Ala. App. 577, 151 So. 605.

"We are confronted with the holding in Ex parte Bankhead, 200 Ala. 102, 75 So. 478. The original record in this case does not contain a copy of an initiatory or supporting affidavit. The citation of the judge in part states:

" 'It having been made to appear by evidence adduced before the court that there is probable cause for believing that Henry Armstrong, a witness under process of subpoena and attachment in certain causes pending in this court, has been driven or kept from attendance of this court by reason of intimidation, threats, or other improper influence exercised or used by Gid Bankhead.

" 'It is ordered that the said Gid Bankhead appear before this court on Monday, October 30th, 1916, and show cause why he should not be punished for contempt of court.'

"It will be noted that the opinion makes no reference to the absence or essentiality of the affidavit. Affirmance of the judgment of the lower court was ordered, however. The court held:

" 'It appears to be the recognized rule that, in order to punish for a constructive contempt, as distinguished from a direct contempt, the offending party should have notice of the nature and character of the charge and be given an opportunity to answer and defend himself, and this is generally done by a rule to said offending party to appear and show cause, and which was done in the instant case. * * * As the record in this case shows that the trial court was clothed with jurisdiction in the matter, and committed no error of law apparent upon the record, the writ must be denied.'

"In attempting to reconcile the authorities, the judges of this court have disagreed and therefore, as authorized under the provisions of Title 13, Sec. 88, Code 1940, the following abstract questions are hereby certified to your court for an opinion as a guidance to our court in the further proceedings in this cause:

"1. Did the court below have the authority to issue the rule nisi and proceed with the hearing in the absence of the filing of a sworn affidavit setting forth in general terms the facts upon which the alleged contempt was based?

"2. If you answer the above question in the negative, did the charged contemnor waive his right to have the affidavit filed by appearing as ordered and submitting himself to the hearing on the merits without interposing any objections to the proceedings as we have indicated above?

"As an aid to you in responding to these inquiries, the record in this cause is herewith submitted.

"Dated the 5th day of February, 1948."

The Supreme Court responded as follows:

"This is in response to an inquiry submitted by one of the Judges of the Court of Appeals, under the provisions of Section 88, Title 13, Code of 1940. The inquiry will be set out in the report of the case.

"There is no statutory or constitutional provision directing the procedure by which a constructive criminal contempt shall be begun.

"But since it involves the power of the court to fine and imprison and sometimes to arrest the accused, the requirements of the Constitution affecting those incidents have application.

"Sometimes a constructive contempt is begun by issuing a warrant of arrest requiring the accused to be held and be heard on the charge. Sometimes it is begun by issuing a citation or rule to him to appear and answer the charge.

"If it is begun by issuing a warrant for his arrest, the requirements of Section 5 of the Constitution must be observed. Section 5 provides that no warrant shall issue to seize any person without probable cause supported by oath or affirmation. So that if a warrant is issued for his arrest prior to his trial on the charge, it should be supported by such oath or affirmation as affords probable cause for doing so.

"But when it is begun by a citation to appear and make defense, it is sufficiently begun and the proceedings are valid if due process is satisfied in Section 6 and the 14th Amendment to the Federal Constitution.

"Due process requires that the accused shall be advised of the charges, and have a reasonable opportunity to meet them. This includes the assistance of counsel, if requested, the right to call witnesses, to give testimony, relevant either to the issue of complete exculpation or extenuation of the offense and in mitigation of the penalty imposed. Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767; Ex parte Bankhead, 200 Ala. 102, 75 So. 478; Dangel on Contempt 209, Section 446.

"This does not mean that a written accusation is not essential. But it need not be verified except to support a warrant of arrest under Section 5, supra. But the form of it is not material if it sets out the charges in such manner as to apprise him of the exact nature of it, and what he is called upon to defend.

"The inquiry of the Court of Appeals shows that the accused was not arrested on a warrant, but a citation, or rule was issued to him, which contained a statement of the charges to be answered, and which was full in that respect. The order for the citation was itself a written charge, and the citation was pleading as well as notice.

"We think it is important to give full expression to our views on this subject, in view of the conflict in some of the cases.

"We hold, therefore, that the trial court in the instant case had the authority to issue the rule nisi and proceed with the hearing in the absence of the filing of a sworn affidavit setting forth in general terms the facts upon which the alleged contempt was based. In view of the conclusion which we have here reached, it is unnecessary for us to respond to your second question.

"GARDNER, C. J., BROWN, FOSTER, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.

"LAWSON, J., dissents as indicated."

"LAWSON, Justice (dissenting).

"The case of Ex parte Bankhead, 200 Ala. 102, 75 So. 478, relied upon by the majority of the Justices, was decided in 1917. It is true that in that case it was held that the trial court had jurisdiction. It is also true that there was no affidavit filed in that case. But this fact appears only from an examination of the original transcript. It does not appear in the opinion of this court that the same conclusion would have been reached if the absence of the affidavit had been called to the

court's attention. Hence, I do not think that case is controlling here.

"In 1924 the Court of Appeals, in the case of Robertson v. State, 20 Ala.App. 514, 104 So. 561, in an opinion by Presiding Judge Bricken, wherein the authorities on this subject are reviewed, held that proceedings in a constructive contempt case must be begun by affidavit and that in the absence of an affidavit the court is without jurisdiction although a rule nisi has been issued. This court did not review the decision of the Court of Appeals in that case.

"In 1929 in the case of Craddock et al. v. Oliver, 23 Ala.App. 183, 123 So. 87, the Court of Appeals followed the decision of that court in Robertson v. State, supra, holding:

" 'This rule nisi in cases of constructive contempt of a criminal nature must be based upon a sufficient information or affidavit, setting forth in general terms the acts complained of and this initiatory information or affidavit is jurisdictional. 13 Cyc. 64, 89, note 82.

" 'Although there are some authorities to the contrary, the best authority is to the effect that in cases involving constructive criminal contempt a formal accusation is essential. Such accusation takes the place of an indictment or information in a criminal case and must be sworn to by some person having knowledge of the fact * * *'

"This court denied certiorari in the Craddock case, supra. 219 Ala. 607, 123 So. 88.

"There is no doubt of the fact that the conclusions reached by the Court of Appeals in the cases heretofore cited are in accord with the great weight of authority in this country. 17 C.J.S., Contempt, § 83.

"I am of the opinion that since there was no affidavit filed in this case setting forth in general terms the facts upon which the alleged contempt was based, the trial court did not have jurisdiction to proceed in this matter.

"Since the court did not have jurisdiction, it is my opinion that the failure of the offending party to make any objection to the absence of an affidavit did not constitute a waiver of that defect."

This disposes of the only questions presented. It follows, therefore, that the judgment of the lower court is affirmed.

Affirmed.