59 So.2d 681

## JACKSON et al. v. MORRISON.

6 Div. 165.

Supreme Court of Alabama.

April 24, 1952.

Rehearing Denied June 26, 1952.

John J. Smith and E. David Haigler, Birmingham, for appellants.

Harvey M. Emerson, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

The appeal is from a decree of the Circuit Court, in Equity, of Jefferson County, Alabama, denying relief to complainants on evidence taken *ore tenus* before the trial court.

Complainants in the court below, husband and wife, sought by bill in equity to have declared null and void a note and mortgage executed by them, and to set aside and hold for naught a foreclosure deed executed by respondent pursuant to the powers contained in the mortgage and which deed recites the respondent mortgagee as purchaser.

It appears without dispute that appellant, R. K. Jackson, is the president of Diamond T. Trucks of Birmingham, Inc., a corporation, and owns 26% of the capital stock of the corporation; that said corporation was indebted to appellee, F. D. Morrison, in the sum of approximately $4,000 for rent; that appellee had attached certain property of the corporation in a suit to collect the rent; that appellants R. K. Jackson and his wife, Elsie Jackson, owned and occupied a house and lot in Jefferson County; that during the month of November 1949, appellants executed and delivered to appellee a note for $4,000, due in 90 days and secured by a mortgage on the above mentioned house and lot; that said mortgage was foreclosed un-

der its powers on March 20, 1950, and appellee became the purchaser at the foreclosure sale.

Appellants attack the mortgage on the theory that it attempts to convey the homestead of the mortgagors without the separate and apart acknowledgment of the wife. The acknowledgment is regular on its face, but the insistence is that there was no such acknowledgment in fact. The notary who took the acknowledgment testified that he did examine the wife separate and apart from the husband. His testimony is disputed, but, at most, it presented a question of fact for the trial court which that court determined against the contention of appellants, and which this court will not disturb unless palpably wrong. Puckett v. Puckett, 240 Ala. 607, 200 So. 420; Bonds v. Bonds, 234 Ala. 522, 175 So. 561; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; Hodge v. Joy, 207 Ala. 198(1), 92 So. 171; Wade v. Miller, 208 Ala. 264, 93 So. 905; McWilliams v. Phillips, 71 Ala. 80.

The fact that the attorney for the mortgagee acted as notary in taking the acknowledgment of the husband and wife does not, standing alone, affect the validity of the mortgage. Little v. Thomas, 204 Ala. 66, 85 So. 490; Jones v. First National Bank of Ashland, 236 Ala. 606, 184 So. 168.

Appellants also insist that the note and mortgage are void, in that they constitute a promise to answer for the debt, default or miscarriage of another, (the Diamond T. Trucks of Birmingham, Inc., a corporation) without expressing the consideration therefor in violation of Title 20, section 3, Code 1940; and, if mistaken in this, the note and mortgage are void, at least as to the wife, because it is an attempt on the part of the wife to become surety for her husband's debt in violation of Title 34, section 74, Code 1940.

Appellants offered evidence tending to prove that the note and mortgage were executed and delivered by them to appellee in order that appellee might negotiate a loan of not less than $3,000 for appellants, and that in the event the loan was not negotiated, the note and mortgage were to be returned to appellants. On the other hand, appellee's evidence tended to prove that the note and mortgage were executed and delivered to the appellee by appellants in payment and extinguishment of the rent due by the Diamond T. Trucks of Birmingham, Inc.

If in fact the note and mortgage were executed and delivered in payment and extinguishment of the past due rent account of the corporation, neither subsection (3) of section 3, supra, nor section 74, supra, have application. Gay v. Taylor, 208 Ala. 376, 94 So. 473; Underwood v. Lovelace, 61 Ala. 155; Carlisle v. Campbell, 76 Ala. 247. While the mortgage conveyed property in which Elsie Jackson, the wife, owned an undivided one-half interest, it was given to secure a note which both the husband and wife signed. It was a joint contract made in consideration of extinguishment of the corporation's rent account, if appellee's evidence is believed. Upon its face the mortgage and note indicate a joint liability of husband and wife, and under all the authorities the burden of proof rested upon complainants. McDaniel v. Mellen, 223 Ala. 181, 134 So. 873; Marbury Lumber Co. v. Woolfolk, 186 Ala. 254, 65 So. 43; Citizens Bank of Moulton v. Burks, 242 Ala. 465, 6 So.2d 597. The trial court resolved these questions of fact against appellants and we will not disturb that finding.

We have examined the assignments of error based upon the trial court's ruling on evidence and are convinced that no error probably injuriously affecting the substantial rights of the appellants was committed in that regard. Supreme Court Equity Rule 45.

Affirmed.

FOSTER, SIMPSON and STAKELY, JJ., concur.