82 So.2d 333

**Leslie R. COFFMAN**

v.

**Margaret COFFMAN.**

6 Div. 689.

Supreme Court of Alabama.

April 14, 1955.

Rehearing Denied Sept. 22, 1955.

368

Abele & Witcher, Birmingham, for appellant.

Kingman C. Shelburne, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

The original bill sought a divorce on the grounds of adultery, custody of the child of the marriage, support and alimony monies, and solicitor's fees. After most of complainant's evidence had been offered ore tenus before the trial court, the bill was amended so as to strike the charge of adultery and in lieu thereof alleged abandonment. The prayer as finally amended sought separate maintenance and support monies, custody of the child and solicitor's fees.

To analyze all of the testimony adduced on the trial would serve no useful purpose, Tit. 13, § 66, Code of 1940; First Nat. Bank of Opp v. Wise, 241 Ala. 481, 3 So.2d 68; Shaver v. Shaver, 244 Ala. 686, 15 So.2d 576, and we refrain from doing so here.

An allowance for separate maintenance without divorce is in the sound discretion of the court exercising equity jurisdiction. Murray v. Murray, 238 Ala. 158, 189 So. 877; Caine v. Caine, Ala., 79 So.2d 546.[1] We will not disturb the lower court's

decree in this regard, and since its decree is silent on the question of abandonment, we do not find it here necessary to decide whether or not the wife was justified in refusing to follow the husband to his new home. Murray v. Murray, supra. Suffice it to say, there is ample evidence to support the lower court's decree in awarding $350 per month for the support and maintenance of the complainant and her child. There is also uncontradicted evidence that the husband, during the period of the separation, contributed in cash and by payments of the wife's bills a sum equal to, or more than, $350 monthly, the amount found by the trial court to be reasonable and necessary for the support and maintenance of the wife and child. The evidence is also without serious conflict that the wife is without means to support herself and minor child.

The testimony concerning solicitor's fees for representing the wife in this litigation is clearly sufficient to support the trial court's finding in that regard.

The testimony in this case was taken ore tenus before the trial court, who heard the witnesses, observed their demeanor on the witness stand, and where this is so, we will not disturb his judgment unless it is palpably wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Puckett v. Puckett, 240 Ala. 607, 200 So. 420; Jackson v. Morrison, 257 Ala. 481, 59 So.2d 681; Crittenden v. Crittenden, 256 Ala. 219, 54 So.2d 489.

We have given careful consideration to all of the evidence in the record and are unable to say that the judgment of the trial court is palpably wrong.

Affirmed.

SIMPSON, GOODWYN and MERRILL, JJ., concur.

1. 262 Ala. 454.