149 So.2d 923

**Ex parte Johnnie BATCHELOR.**

**6 Div. 908.**

Court of Appeals of Alabama.

Oct. 23, 1962.

Rehearing Denied Nov. 13, 1962.

---

Norman E. Moon, Birmingham, for petitioner.

Robt. H. Thomas, Hamilton, opposed.

PRICE, Presiding Judge.

Gladys M. Batchelor filed her bill of complaint, in equity, against Johnnie Batchelor praying for a divorce. The decree denied divorce, but awarded to complainant for "alimony and support the sum of $50.00 bimonthly, payable on the 5th and 20th days of each month thereafter, beginning the 5th day of April, 1962."

On the 16th day of July, 1962, the said Gladys M. Batchelor presented to the Honorable Bob Moore, Circuit Judge of Winston County, Alabama, a petition praying that Johnnie Batchelor, the petitioner here, be ordered to show cause why he should not be adjudged in contempt of court for a failure to comply with the former decree of the court.

After hearing the evidence the trial judge found that petitioner was in arrears in his payments due under the decree in the amount of $350.00. He was adjudged in contempt of court for failing to pay said sum and ordered committed to jail "until he has purged himself of that contempt."

Petitioner presented a petition for a writ of habeas corpus to Honorable Cecil M. Deason, one of the Judges of the Tenth Judicial Circuit of Alabama, who declined to issue the writ.

Petitioner then presented a petition to this court for a writ of habeas corpus, with a prayer for bail pending a hearing on the petition. This court ordered the preliminary writ to issue and petitioner admitted to bail pending a hearing.

No return was made to the writ. A certified transcript of the contempt proceedings in the court below is attached to the petition. " * * * although the courts are empowered to enforce obedience to the writ and require a return, they may proceed in a summary way to determine the cause on a verified and undenied petition; the failure to make a formal return will not invalidate a hearing on the merits, where no objection to the lack of a return was made, and want of a return will not impair the judgment rendered." 39 C.J.S. Habeas Corpus § 88 p. 652.

Petitioner's argument that Robertson v. State, 20 Ala.App. 514, 104 So. 561, is authority for his contention that the affidavit annexed to the petition for the rule nisi in the court below is insufficient to support the decree adjudging him in contempt, in that the facts stated in the petition are verified as true and correct to the best of affiant's "knowledge and belief," is wholly without merit. The court issued the rule nisi, which contained a statement of the charges to be answered. See Supreme Court's response to inquiry by this court in Hunter v. State, 34 Ala.App. 148, 37 So.2d 280; Atkins v. State, 34 Ala.App. 101, 40 So.2d 444.

The decree is not one awarding permanent alimony as insisted by petitioner.

While the allowance is called "alimony and support" it is an award of separate maintenance to the wife, which the court had jurisdiction to make without granting a divorce. Searcy v. Searcy, 242 Ala. 129, 5 So.2d 97; Coffman v. Coffman, 263 Ala. 367, 82 So.2d 333; Carreker v. Carreker, 273 Ala. 199, 137 So.2d 772; Atkinson v. Atkinson, 233 Ala. 125, 170 So. 198; Epps v. Epps, 218 Ala. 667, 120 So. 150; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645.

■ The lack of ability to pay on the part of defendant is a complete defense. Ex parte Robinson, 20 Ala.App. 514, 104 So. 561; Ex parte Stephenson, 252 Ala. 316, 40 So.2d 716; Ex parte Ryan, 267 Ala. 677, 682, 104 So.2d 700, 704.

The petitioner argues that the evidence taken at the hearing shows his inability to pay the amount ordered by the decree.

The evidence for the petitioner shows that he is now and has been for ten years regularly employed at Hayes Aircraft in Birmingham. He earns $99.00 per week, but after deductions his take-home pay is $75.00. He also receives $35.00 per month rent from a house. Since the decree he has paid $100.00 to his wife and $200.00 which was decreed as attorney's fee to her attorney. His room and board average $120.00 per month and his gasoline and laundry bills average about $10.00 per week. He owes an indebtedness of $850.00 to a bank on which he is obligated to pay $50.00 monthly. His mortgage payments on the house on which he receives rent amount to $50.00 per month. He owes an indebtedness of $600.00 to his mother and owes a Mr. Edmondson $750.00 for money borrowed before the decree was rendered. He has paid $75.00 to his mother and $100.00 to Mr. Edmondson since the decree was entered. He further stated that he has paid his wife $20.00 in addition to the $100.00 payment made to her on April 28th; and that he bought $40.00 worth of clothing for her. He also testified she had refused to sign a deed to the house so that he could obtain money to make the payments under the decree.

Mrs. Batchelor testified she has received $100.00 from her husband since the rendition of the decree. She has in her possession a check for $255.00, the proceeds of a policy of insurance on a refrigerator which burned. The check is made payable to Johnnie Batchelor; that she worked and made half the payments on the refrigerator and it was in her possession at the time the house burned; that she had not seen petitioner since she received the check and had not asked him to endorse it. She denied that she had refused to sign a deed to the house and stated her husband did not give her $20.00 nor did he buy any clothing for her.

The petitioner testified the refrigerator was purchased in his name and he had made over half the payments and he guessed it belonged to both of them.

■ We are not called upon to weigh the evidence before the trial court. Our review is limited to consideration of whether there is any testimony to support the judge's finding of contempt. Robertson v. State, supra.

■ We find no error in the court's holding that the conduct of petitioner constitutes contempt of court for failure to comply with the court's decree. Ex parte Ryan, supra.

The petition is denied.