BRADLEY, Judge.
This case is a companion to Hayes v. Hayes, Ala.Civ.App., 337 So.2d 770 (1976). The action was initiated when the petitioner’s former wife filed a petition in the Morgan County Court seeking arrear-age in child support payments. The petitioner, Larry Wayne Hayes, was adjudged in contempt of the Morgan County Court for failure to pay child support as previously ordered by that same court. The order provided that petitioner could purge himself of the contempt by posting a cash bond in the amount of $1,500 to assure that future court orders would be complied with *85 and to pay the arrearage found to be due, court costs and an attorney’s fee of $300.
In seeking review of the Morgan County Court’s order, Hayes first applied for a writ of habeas corpus in the Circuit Court of Morgan County; that court denied the writ without reaching the merits of the case. The petitioner then filed his petition for the habeas corpus writ in this court and asked us for a stay of execution pending review. We ordered Hayes released from custody upon his posting bond in the amount of $1,500 with good and sufficient sureties and pending disposition of his request for the writ of habeas corpus.
The proper remedy for review of a contempt proceeding is by habeas corpus if the party is in jail, Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308 (1969). As Hayes was in jail at the time he sought review of his contempt order, he is properly before this court. See Title 13, § 111(3), Code of Alabama 1940 (Recomp. 1958) (Supp.1973).
Hayes’s contention here is that he does not have the present financial ability to comply with the trial court’s order and thereby purge himself of the contempt. He says he has no cash assets, except $100 he borrowed to go to court, and no bank accounts or other unencumbered personal or real property that would be worth enough to satisfy the court decree. Furthermore, he does not expect to have the financial ability to comply with the order in the future.
The evidence showed without dispute that Hayes, a truck driver, has gross earnings of $235 every ten days. Due to layovers in California and Florida he does not average more than two trips a month. Petitioner stated that after taxes and expenses incurred on his trips, his net income averages from $210 to $225 per month. His fixed expenses, consisting of a payment on a house trailer which was awarded to him in the divorce decree, rent for space to park the trailer, payment on a 1972 Volkswagen that has been refinanced, and utility payments, total $194 per month. In addition to ■these fixed expenses petitioner must pay income tax, FICA and Blue Cross-Blue Shield insurance premiums. When these amounts are deducted from petitioner’s gross income there is not enough money left to pay the amount ordered to be paid by the modified decree.
Furthermore, there is no evidence in this record to support a conclusion that Hayes’ income will substantially increase in the immediate future. In fact, the evidence is to the contrary. The record shows that petitioner earned three dollars an hour in his first job after being discharged from the army. In subsequent jobs, including his present one, he has earned approximately $235 every two weeks.
We said in Muery v. Muery, 46 Ala.App. 617, 247 So.2d 123, cert. den. 287 Ala. 737, 247 So.2d 128 (1971), “that imprisonment for contempt should never be imposed by a judge where the failure to pay alimony, etc. is not from contumacy, but from inability to comply with the order.”
Based on the evidence set out above, we are convinced that petitioner was, at the time of his incarceration, unable financially to purge himself of contempt for failure to pay child support and is therefore entitled to be discharged from custody.
The trial court’s order incarcerating petitioner in the Morgan County jail is reversed, and he is ordered to be discharged from custody.
WRIT GRANTED.
WRIGHT, P. J., and HOLMES, J., concur.