BRADLEY, Judge.
This is an appeal from the denial of a petition for writ of habeas corpus.
*234 Appellant, Winston J. Stewart, was held in contempt for failure to pay child support and was ordered to jail until he purged himself of contempt. Stewart then filed a petition for writ of habeas corpus in the Morgan County Circuit Court. A hearing was held thereon and the writ was denied. On May 7,1979 Stewart was incarcerated in the Morgan County jail. He immediately filed an appeal with this court and was released on bond by the circuit court pending the outcome of this appeal.
The facts show that Stewart and his first wife were divorced in January 1978. He was ordered by the court to pay $360 per month child support for four minor children. Stewart has refused to pay more than $200 per month as support for his children and consequently is $2,775 in arrears. The trial court granted judgment against Stewart for the $2,775 in arrearages and ordered that he be incarcerated until he agreed to pay the child support as pronounced by the court.
Stewart’s primary contention is that he should not be incarcerated for failure to pay child support when his failure to pay stems from inability to pay and not from willful contumacy.
Stewart is employed by Duggie Johnson’s Nursery Sales. He testified that his take-home pay was $173 per week which included a $20 a month raise since the original hearing. His former wife testified that during their marriage he had a take-home pay of $237 for one particular week. Stewart testified that this additional sum was the result of overtime which was no longer possible. He stated that he owned no real estate, insurance policies or automobiles. He did state that he often drove back and forth to work in a truck provided by his employer. Stewart stated that his personal property consisted of a bed and his clothing.
Since his first divorce, Stewart has remarried. His present wife is employed. Stewart testified that she paid her own expenses, and in fact, helped him with some of his expenses. He also said that his second wife owned an automobile. When asked whether he had bought his second wife a diamond necklace, he said his wife paid for it, but she pretended that he gave it to her so he would not feel like a fool in front of his kids. Stewart admitted to giving his children six hundred dollars worth of clothes for Christmas, but testified that his wife paid for the clothes with money she borrowed.
Stewart testified that prior to a recent raise he was taking home $666 a month. He stated that if he were required to pay $360 a month in child support this would leave him with only $236 to live on since he also maintained an insurance policy on his children which cost him $70.20 a month.
Our cases have held that imprisonment should never be imposed by a judge for failure to pay alimony and child support when the contemnor is unable to purge himself of the contempt due to inability to comply with the order. Hayes v. Hayes, Ala.Civ.App., 339 So.2d 84 (1976); Muery v. Muery, 46 Ala.App. 617, 247 So.2d 123, cert. den., 287 Ala. 737, 247 So.2d 128 (1971).
In the present case the trial court determined that Stewart did not have the financial ability to meet the arrearages owed, but that he did have the present ability to pay $360 per month as support for his four children and had willfully and deliberately refused to pay. Therefore the court ordered that Stewart be incarcerated until such time as he agreed to make the monthly child support payments. We can find no error with such a decree.
It is a well established rule of appellate review that where a trial court makes a decree after hearing witnesses ore tenus, every presumption will be indulged in favor of the trial court and its findings will not be disturbed unless palpably wrong. Cowden v. Hughes, Ala., 353 So.2d 505 (1977); Casey v. Beck, Ala., 350 So.2d 429 (1977); 2A Ala.Dig., Appeal & Error 931(1) (1955).
The trial court determined from the evidence presented to it that Stewart had not sustained his burden to convince the court of his inability to pay $360 per month child support. After a careful examination of that same evidence, we cannot say that the *235 trial court erred in denying the habeas corpus writ. We therefore affirm its judgment.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.