L. CHARLES WRIGHT, Retired Appellate Judge.
This is a contempt case.
Plaintiff filed a petition for rule nisi alleging that her former husband had willfully failed to pay $200 per month for her support and maintenance. The hearing on the petition was scheduled for December 12, 1986, but was continued until January 23, 1987. The defendant appeared for the hearing on December 12,1986 and was told that it had been continued. Although the clerk wrote down the new hearing date for him, he failed to appear at the hearing on January 23, 1987.
The court conducted the hearing on January 23,1987 and found the defendant to be in contempt of court and ordered him to pay $3,400 in back support, a total of $376 in attorney’s fees, and court costs. The court ordered the sheriff to take him into custody and hold him until he purged himself of contempt.
*430 The defendant obtained .an attorney who filed a motion to set aside the contempt ruling issued on January 23, 1987 on the ground that defendant, who cannot read or write, erroneously believed that the December hearing had been continued until January 29, 1987. The motion stated that defendant had neither the assets nor the income to pay support to the plaintiff and that if he had missed any alimony payments it was due, in part, to the advice of an attorney that he need not make any alimony payments while the plaintiff was hospitalized for mental illness.
The defendant also filed a petition to modify and a petition for contempt wherein he contended that there had been a material change in circumstances in that the plaintiff no longer resided in the marital home. Thus, the $200 per month support and maintenance payments were no longer required or enforceable. The defendant also alleged that the $200 per month payments were not alimony and had retained their contractual nature and that he had not been able to make those payments, if at all, since August 1985.
A hearing was held on the motion to set aside and the petition to modify in March 1987. The court entered an order finding the husband to be in contempt of court due to his failure to pay alimony when due. The arrearage was determined to be $3,400. The defendant was ordered to pay $50 per month (in addition to the $200 per month alimony) until the arrearage is paid in full. The court did not order that the defendant be taken into custody. The defendant’s petition for modification and contempt was denied.
Defendant’s motion for a new trial was denied. He filed a petition for writ of certiorari in this court.
In a contempt case our scope of review is limited to questions of law. We do not consider the weight and sufficiency of the evidence and must affirm the trial court’s decree if there is any evidence to support that decree. Mims v. Mims, 442 So.2d 102 (Ala.Civ.App.1983).
The parties were divorced in 1983 after fifteen years of marriage. The divorce decree adopted by reference the parties’ agreement wherein the husband agreed to pay $200 per month to the wife for her support and maintenance and $54 per month for the house payment. The parties’ agreement provided that the $200 per month was to continue for as long as the plaintiff remained unmarried and did not cohabit. The record shows that the defendant made these payments through the clerk’s office until August 1985. The defendant testified that he still makes the $54 per month house payment but has not paid the $200 per month support payment since August 1985.
The plaintiff was admitted to Searcy Hospital in May 1985 to receive treatment for her mental illness. She remained at Searcy for a little more than a year. The defendant testified that he continued to make the $200 per month support payment until he discovered that his wife was a patient at Searcy and he “had to quit” making the support payments at that time. He also testified that he was not presently able to pay $254 per month, nor had he the means to make such payments at the time of the divorce in 1983.
We find the dispositive issue to be whether the trial court erred when it found the husband to be in contempt of court after he had attempted to demonstrate his inability to pay.
The defendant asserts that if the accused in a contempt proceeding shows that his failure to pay the support payments was not from contumacy, but due to an inability to comply, the burden shifts to the petitioner to prove beyond a reasonable doubt that the accused is able to comply. That is a correct statement of the law. Hurd v. Hurd, 485 So.2d 1194 (Ala.Civ.App.1986); Thomas v. Thomas, 406 So.2d 939 (Ala.Civ.App.1981); Sewell v. Butler, 375 So.2d 800 (Ala.Civ.App.1979). Defendant attempted to demonstrate his inability to pay by introducing into evidence a financial statement prepared by his present wife. It indicated that his present monthly expenses (without the $200 per month support payment) are a little over $1,200 and his net income received from the State *431 Highway Department is $525 biweekly. However, defendant testified that he does extra work — running a bush hog, cutting grass, anything that comes along — to supplement his income. Such other income was not reflected on his financial statement.
The defendant also introduced into evidence a letter from the State Highway Department which listed his wages for the years 1983 through March 1987. This exhibit establishes that his salary has increased every year since 1983. In fact, the exhibit establishes that his net salary for the year 1985 increased almost $1,700 over his net salary for the year 1984.
Although the parties had agreed that the plaintiff was to retain possession of the marital home after the divorce, she has lived in a foster home in Dothan since her discharge from Searcy Hospital. She stated that because the house is so far out in the country she did not feel that she could live there alone, due to her numerous health problems. The parties had previously agreed to sell the house and split the proceeds, and the house had been placed on the market.
The plaintiff contends that reasonable inferences from the exhibits, from the defendant’s own testimony, and from the pleadings that he filed show that the husband discontinued the $200 per month payments to her in August 1985 not because of an inability to pay, but because he discovered that she was a patient in a mental health facility.
We cannot decide which of the conflicting testimony and evidence should be believed or determine what weight it should be afforded, since that would be improper under our scope of review. Mims, 442 So.2d 102; Sewell, 375 So.2d 800. The trial court entered a judgment for the amount of the arrearage that the husband owed to the wife. The trial judge apparently determined from the conflicting evidence that the defendant’s failure to make support payments since August 1985 was from contumacy, not due to an inability to comply. We find there is evidence in the record to support the trial court’s order finding the defendant to be in contempt. Thomas, 406 So.2d 939.
The defendant also raises four other issues on appeal. After carefully reviewing the record, we find no merit in those issues.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
WRIT DENIED.
All the Judges concur.