58 So.2d 783

# HOLLEY v. HOLLEY.

### 5 Div. 529.

Supreme Court of Alabama.

May 1, 1952.

Grady Reynolds and Reynolds & Reynolds, all of Clanton, for appellant.

J. B. Atkinson, Clanton, for appellee.

SIMPSON, Justice.

Ida Belle Holley sued her husband, D. L. Holley, for separate maintenance. He answered by cross-bill and prayed for a divorce *a vinculo,* alleging adultery. The trial court granted appellee relief under her bill and required appellant to pay $20 per month as separate maintenance and $100 solicitor's fee; and denied relief to appellant by his cross-bill and dismissed it. These two rulings are the assignments of error meriting treatment.

There is no use in reciting the evidence in detail. We will merely synopsize it. This is one of those unfortunate separations in mid-married life of a couple where the wife was going through menopause; no evidence of just what emotional or chemical changes in his physical makeup the husband was undergoing, but he was forty-six. Both appear to have been guilty of some indiscretions and neither altogether forgiving of the other, but neither having a just ground for a divorce under the evidence. The parties were first married in 1924 and lived together as husband and wife until 1931 when appellee was divorced from her husband on the ground of cruelty. After residing apart for three months, they remarried and lived together as husband and wife until about February, 1949, when they again separated. It would seem from the testimony that the marital bark had never sailed on altogether tranquil seas and that neither of the parties could rightfully claim to have been entirely guiltless in any of the discord which disturbed the peace and happiness which should have attended their marital life. At any rate, when the final breach came, the husband left his farm home occupied by his wife and their son and his family, removed to his mother's home with his other grown son, took most of the provisions and some articles of personal property with him, notified various merchants not to allow his wife any credit, and instructed the bank to dishonor any checks she might write on his account. Thereafter he did not contribute to her support. He claimed he left home because of his suspicions of his wife's association with one Burdette, but she claimed otherwise and that the real cause was his infatuation for an Ellison girl, with whom he had been observed in an affectionate embrace, and his continued show of affection toward her.

252

It is, of course, difficult to appraise the verity of all the testimony in such cases or to reconcile it. Conclusion in such matters is always difficult. We are, however, satisfactorily convinced, as was the trial court, that the appellee was entitled to some measure of financial relief from her husband. True, as observed, she might not have been altogether blameless in her attitude toward him, but it seems reasonably certain that it was his conduct which finally precipitated the marital breach and resulted in his leaving home. We have approved the principle that the law does not require the wife to be blameless in order for her to be entitled to separate maintenance and that as a general rule, to be applied according to the justice and exigencies of the particular case, it should not be denied her unless her misconduct so materially contributed to the separation that the fault of the wife was deemed to be equal to or greater than that of the husband. Sellers v. Sellers, 212 Ala. 290, 102 So. 442; 6 A.L.R. 11, note d.

Under the circumstances shown by the record, we do not think a reversal of the trial court's conclusion approving the merits of complainant's claim could be justified.

No question is raised as to the amount of the allowance made and, of course, that was within the discretion of the court to be determined by the facts and circumstances shown. Mrs. Holley claims that her health does not permit of her regular employment and that her family has had to help maintain her. Mr. Holley is shown to be able-bodied, has forty acres of farm land where his home is situated, and a building in the city of Clanton where he carries on his auto repair business. He does claim to have only a small income, yet actual temporary income is not the sole basis of the award. Available income from property holdings and earning capacity are also factors to be considered and where the wife shows a necessity for maintenance and support the fact that her parents could furnish her with some measure of support does not relieve the husband of his primary responsibility. Ex parte Hyatt, 254 Ala. 359, 48 So.2d 329.

The lower court retains jurisdiction to alter the allowance if changed conditions of the husband should prove that the current fixation for maintenance is unjust, and we think it proper to let the decree stand.

The propriety of the ruling of the court denying relief upon the cross bill cannot be seriously questioned in the light of the governing authorities. Conversing with and waving to an acquaintance and, indeed, being in his company without seriously compromising aspects, do not suffice to prove that the wife had been guilty of adultery— or, as expressed in our cases, do not show that the circumstances were such as would lead the guarded discretion of a reasonable and just man to the conclusion that the act had been committed. McGregor v. McGregor, Ala.Sup., 58 So.2d 457; Gardner v. Gardner, 248 Ala. 508, 28 So.2d 559; Morrison v. Morrison, 95 Ala. 309, 10 So. 648.

One other matter will be noticed in view of the argument of counsel. Appellant contends that complainant was not entitled to relief and that he was because she only made a general denial of the charges leveled against her in his cross bill, citing the cases which hold that where material allegations set forth in the bill charged matters within the knowledge of the answering defendant and placed on him the burden of overcoming a prima facie presumption, they will be taken as confessed unless defendant makes a clear and distinct response to each averment of the bill. Penney v. McCulloch, 134 Ala. 580, 33 So. 665; Prestridge v. Wallace, 155 Ala. 540, 46 So. 970,

These cases are not here controlling. The conventional form of answer in such as the instant case is for the defendant to deny the charge made by the opposing spouse. Indeed, there was not much else she could have said in her answer to countervail except to deny the charge. Appellant, by his cross bill, sought a divorce on the alleged ground, the answer of complainant put this material averment in issue, and, to entitle him to relief, the burden was on him to make proof thereof, which he

did not do.  Moore v. Moore, 212 Ala. 685, 103 So. 892.

The record has had our attentive consideration and we do not believe it warrants a reversal of the decree.

Affirmed.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.