80 So.2d 268

Thelma J. DRAKE

v.

Louis V. DRAKE.

6 Div. 750.

Supreme Court of Alabama.

April 14, 1955.

Rehearing Denied May 26, 1955.

610

Victor H. Smith, Kelvie Applebaum and Chas. M. Hewitt, Birmingham, for appellant.

Chas. W. Greer, Birmingham, for appellee.

MERRILL, Justice.

Louis V. Drake and his wife, Thelma, each own an undivided one-half interest in a house and lot in Birmingham which admittedly is worth between $9,000 and $10,000. Louis filed the bill in this cause to sell the property for division. Thelma filed a plea showing that they had been married for 20 years, that the deed was made to them jointly; that she had continuously occupied the property as her homestead; that subsequent to the purchase of the property she had been granted a divorce a menso et thoro from complainant but no divorce a vinculo matrimonii had ever been rendered against either of them; that until the rendition of the decree both parties had occupied the premises as their homestead; and that she protested and objected to any sale for division.

The plea was declared to be insufficient, and respondent filed her answer and cross bill setting up in more detail the matters shown in the original plea, alleging that she was due an accounting for the cost of improvements to the property for which she had paid, and she prayed that the court would grant an accounting, hold that the property could not be sold for division because it was her homestead, or if it could be sold, that the court decree that "the sum of $2,000 from the share or interest of cross respondent in the proceeds of sale be set apart and allotted to cross complainant for homestead."

The cause was heard ore tenus by the court and the decree provided: (1) the real estate was owned one-half by complainant, subject to the homestead interest of the complainant and the respondent of the value of $2,000, and one-half by the respondent, and that the property could not be equitably divided without a sale for division; (2) directed the Register to sell the property after legal notice; (3) authorized the Register to obtain an abstract; (4) directed report of the sale; (5) provided for the fixing of an attorney's fee for complainant's solicitor for his services; (6) directed a reference to the Register to state an account between the parties and report his findings, and (7) the Court reserved the cause for further orders, including a determination as to the proper disposition of the $2,000 in lieu of homestead out of the half interest of the complainant. Thelma, the wife, has appealed from this decree and Louis, the appellee, has cross assigned errors.

Appellant has twelve assignments of error which will be covered in this opinion and appellee has six cross assignments of error which make the points that the real estate was not subject to a homestead interest and that the court should not have reserved "determination as to the proper disposition of said $2,000.00 in lieu of homestead out of the one-half interest of said complainant."

██ ██ We are confronted first with the effect of the divorce a mensa et thoro. A divorce from the bonds of matrimony bars the wife of her dower and of any distributive share in the personal estate of her hus-

band, Code of 1940, Title 34, § 33, but a decree of divorce from bed and board does not remove the vinculum of marriage. Such a divorce is only a legal separation, the marriage continuing in regard to everything not necessarily withdrawn from its operation by the decree, McWilliams v. McWilliams, 216 Ala. 16, 112 So. 318. This court said in Adair v. Adair, 258 Ala. 293, 62 So.2d 437, 443:

"In fact, the legal effect of the wife's selection and pursuance of the remedy for limited divorce is to save for herself the right of her dower interest in the husband's estate if he predeceases her and the right to share and participate in the division of his personal estate and to have a homestead or an allowance in lieu thereof of the value of $6,000. Code of 1940, Tit. 7, § 662, Pocket Part; McWilliams v. McWilliams, 216 Ala. 16, 112 So. 318; Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244; Code of 1940, Tit. 7, § 661, Pocket Part."

The husband contends that since the decree of divorce a mensa et thoro was silent as to homestead or any other property interest, the property ceased to be the homestead at the time he moved away from the premises when that decree was rendered on September 12, 1951. The wife contends that § 205 of the Constitution protects her in that no alienation of the homestead by the husband is valid without her assent, and that Louis, her husband, compelled the separation by his cruel treatment, that being the basis of the divorce from bed and board; and to permit him to sell the homestead for division would mean that a court of equity was assisting him to do indirectly, through a sale for division, what he could not do under the constitution by a direct sale or conveyance. These questions were presented to this court in the cases of Winkles v. Powell, 173 Ala. 46, 55 So. 536; Lewis v. Lewis, 201 Ala. 112, 77 So. 406, 408. In those cases the court held that where the husband abandoned the wife and the home, the wife continued to have homestead rights so long as she remained a bona fide citizen of this state.

In each of these cases Justice McClellan wrote a vigorous dissent, which states the position of the appellee here. In Lewis v. Lewis, supra, the court said:

"There is another general rule, to the effect that the abandonment of the homestead by the husband as the head of the family, and the acquisition of another residence or homestead, terminates the right of the wife, as well as that of the husband, therein as to a homestead. An exception to this rule, however, is that if the abandonment be not in good faith, and to acquire a residence, if not a homestead, for the wife and family, but is in fact a desertion of them by the husband and father, then it does not impair or forfeit the rights of the wife. He does not, in such case, act for them, but against them. He is not allowed thus to defeat the object and purpose of the homestead laws, such purpose and object being the protection of the family. The homestead laws, as a system, including even those exempting the homestead to the husband, are not for the sole benefit of the husband, but are for the benefit of the wife and children as well, even during the husband's life. Witherington v. Mason, 86 Ala. 345, 5 So. 679, 11 Am. St.Rep. 41; Kennedy v. First Nat. Bank of Tuscaloosa, 107 Ala. 170, 18 So. 396, 36 L.R.A. 308.

"This court has uniformly held that the homestead laws are to be liberally construed, to the end of advancing their beneficial objects, by giving effect to the manifest purpose of the Constitution makers and of the Legislature in conferring the rights. * * *"

■ True, Louis Drake did not abandon his wife and homestead in exactly the same manner as did the husbands in the cases cited, but the divorce a mensa et thoro was granted because of his cruel treatment toward his wife. We cannot perceive any reason why a husband who compels a separation by his misconduct, as here, should be in a more favored position than a hus-

band who was guilty of abandonment. Thus we must hold that the property here involved is subject to the homestead rights of the wife.

■ But the wife contends that the property cannot be sold without her consent and that her plea that it was the homestead should have been held sufficient as a complete defense. She relies on Mitchell v. Mitchell, 101 Ala. 183, 13 So. 147, 148, where the husband and wife each owned an undivided one-half interest in the homestead and the husband filed a petition to sell for division and the wife objected. The court said:

"The constitution of the state expressly prohibits the 'alienation of the homestead by the owner thereof, if a married man, without the voluntary signature and assent of the wife to the same,' and the only manner in which her voluntary signature and assent may be effectuated to such alienation is regulated by statute. It is true that a sale of the homestead for distribution under a decree of the court would not be, strictly speaking, an alienation by the husband; but a decree to that effect, upon his application, enables him to defeat the constitutional provision made for the protection of the wife, and indirectly accomplish an unlawful end. * * * The spirit of our constitution, and the statute in regard to the homestead, enacted for the benefit of the wife, positively prohibits its alienation by the husband, except in the manner prescribed, and he can no more do this by resorting to the courts than by direct deed. There is evidence tending to show that, although living in the same town, they are living separate and apart. This can make no difference, so long as the relation of husband and wife exists."

The original record in the Mitchell case shows the land involved was six acres not worth over $1,000.00, that being all the real estate the husband and wife owned.

In Miles v. Miles, 207 Ala. 57, 91 So. 886, 888, the court, speaking through Chief Justice Anderson, said:

"It is well established by the decisions of this court that one joint owner of land may file a bill in equity for a sale of same for division when the same cannot be fairly partitioned in kind between the respective owners, notwithstanding the owners may be husband and wife. Donegan v. Donegan, 103 Ala. 488, 15 So. 823, 49 Am. St.Rep. 53. Such a bill, however, cannot be maintained by the husband against the wife, over her objection, when the land sought to be sold constitutes the homestead. Mitchell v. Mitchell, 101 Ala. 183, 13 So. 147. * * *"

The last sentence quoted is probably dictum inasmuch as the bill in the Miles case averred, " 'That none of said lots were used as a homestead for the complainant or respondent' ", but it states the law of this state where the homestead is not in excess of the quantum receiving constitutional protection. See Miles v. Miles, 211 Ala. 26, 99 So. 187, where the same case was considered on the merits. But that point in those cases is not applicable here because it is stipulated that the property involved is worth from $9,000 to $10,000. We, therefore, hold that the rule in the Mitchell case applies only where the entire property is included within the homestead exemption, and it does not apply here. For a case reaching the opposite result see Walton v. Walton, 59 Cal.App.2d 26, 138 P.2d 54, which cites the Mitchell case.

The constitutional provision which is § 205 of the Constitution of 1901 first came into our basic law in the Constitution of 1868. That section was construed by this court in an opinion written by Stone, J., in Miller v. Marx, 1876, 55 Ala. 322, where, speaking of the homestead exemption, the court said:

"We have said above that the limitation of value of the homestead exemption, under the constitution, to two

thousand dollars, applies alike to a residence in the country and to a lot in a city, town or village," and "It was not intended to exempt every homestead in its entirety."

It is evident that the homestead referred to in § 205 of the Constitution of 1901 and in Code of 1940, Title 7, §§ 625 and 626, as amended, means that a homestead which cannot be alienated without the wife's consent is one that does not exceed in value $2,000 and in area 160 acres.

At one time a home owned and occupied by a married man greater in value and area than the limits noted above did not have the characteristics of a homestead and did not come within the provisions of the constitution prohibiting its alienation without the consent of the wife. Miller v. Marx, supra. This holding in 1876 demonstrated the defect in the older statutes and in 1877 the legislature enacted a law which is now § 656, Title 7, Code of 1940. A history of this section appears in Estes v. Metropolitan Life Ins. Co., 232 Ala. 656, 169 So. 316, 317, as follows:

"Section 7913 (Tit. 7, § 656) of the Code, the provisions of which the appellant invokes in this case, has its genesis in the Act of the Legislature of February 9, 1877 (Gen.Acts 1876–77, p. 32). Prior to the passage of that act this court had held that exemption did not extend to and embrace a homestead, which, after being reduced to the lowest practical area, still exceeded $2,000 in value. And that the law had provided no method for carving a homestead, or its equivalent, out of the property thus circumstanced. We held, however, under the then existing law that, if by a division a homestead, either in a city, town, or county, could be so separated from the residue of the land as to reduce its value to a sum not exceeding $2,000, then and in that event such separated portion would be exempt.

"We further held that, when the homestead, after being reduced to the lowest practical area, exceeded $2,000 in value, a valid conveyance of the whole land could be made by the owner, without the voluntary signature and assent of the wife. Farley v. Whitehead, 63 Ala. 295; Moses v. McClain, 82 Ala. 370, 2 So. 741.

"To secure to the owner and family the benefit of homestead exemption, when the homestead, after being reduced to the lowest practical area, still exceeded $2,000, the Legislature of Alabama passed an act, which was approved on February 9, 1877, and which by successive codifications is now embodied in said section 7913 (Tit. 7, § 656), and which reads: 'When the homestead, after being reduced to the lowest practicable area, exceeds two thousand dollars in value, and the husband has aliened the same by deed, mortgage, or other conveyance, without the voluntary signature and assent of the wife, shown and acknowledged as required by law, the husband, or if he fails to act, the wife, or if there is no wife, or if she fails to act, his minor child, or children may, by bill in equity, have the land sold, and the homestead interest separated from that of the alienee.' "

We do not assert that § 656, Title 7, Code of 1940, is applicable here, but it would apply had Louis Drake made a conveyance of his interest in the property and made the alienee a party to the bill. We do think the section and the cases where it has been applied, serve as an analogy for us in the instant case.

We have said that the wife has homestead rights in her husband's half interest in the property. It is agreed that both the homestead and his half interest in same exceeds $2,000 in value. We have observed that it was the legislative intent that the homestead interest be preserved even though the homestead exceed the value of $2,000. Equity has original jurisdiction to entertain a suit to sell lands for division, Title 47, § 186, and "may adjust the equities

between and determine all claims of the several cotenants" etc. Title 47, § 189. It has been held that the wife, owning a one-half interest in the homestead, had a greater interest in such homestead than that of a joint owner of ordinary property, Miles v. Miles, 211 Ala. 26, 99 So. 187.

We, therefore, hold that the lower court was correct in finding that the property was owned one-half by the husband, subject to the homestead interest of the husband and the wife of $2,000.

 The appellant and the appellee assign as error that part of the court's decree which reserved a determination as to the proper disposition of the $2,000 in lieu of homestead out of the half interest of the husband. Appellant cites Code of 1940, Title 47, § 188; Harvey v. Jenkins, 219 Ala. 121, 121 So. 419; Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623, and Bean v. Northcutt, 240 Ala. 289, 199 So. 7, 8. Section 188 reads:

"The court shall ascertain and declare the rights, titles, and interest of all the parties to such suit, the petitioners as well as the defendants, and shall give judgment according to the rights of the parties."

The cases cited all hold that it is error to decree the sale of the jointly owned lands in advance of a decree adjudicating the interests of the several tenants in common. But there is no conflict between the statute and these cited cases, and the decree of the lower court in the instant case. The interest of each of the parties has been determined to be one-half, with the husband's interest subject to a homestead right of the value of $2,000. There is nothing in the decree to cast uncertainty on the title or to prevent the purchaser from bidding the full worth of the property.

 We gather from the appellant's brief that she expects the court to decree that the $2,000 in lieu of the homestead should be taken from the appellee's share and given to her to use as she sees fit. This is not a correct assumption. Just as the property subject to the homestead right belongs to the husband, just so will he be the owner of the $2,000 from the proceeds of the sale, subject to its use for the benefit of his wife so long as their present status continues and she remains a citizen of this state. There are many possible arrangements which might be made by the court in reference to this sum, either with (preferably) or without the consent of the parties. But as stated in Bean v. Northcutt, supra, "This court will not decide in advance questions not determined by the court below and reserved for decision by decree."

The decree of the lower court is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.