137 So.2d 772

**Dan Earnest CARREKER**

v.

**Laila E. CARREKER.**

7 Div. 530.

Supreme Court of Alabama.

Feb. 1, 1962.

Frank B. Embry, Pell City, and Victor H. Smith, Birmingham, for appellant.

Starnes & Holladay, Pell City, for appellee.

## SIMPSON, Justice.

This is an appeal by the complainant from a decree denying him a divorce on the ground of voluntary abandonment and granting respondent's prayer in her cross-bill for separate maintenance and a solicitor's fee.

The evidence on voluntary abandonment was not sufficient to warrant the relief under the complainant's bill. He and his wife became estranged and she moved into a separate room. While she had gone to visit relatives the complainant moved out and never returned. Manifestly, this did not entitle him to a divorce on the ground of voluntary abandonment. The situation here is much like that which appeared in the case of Caine v. Caine, 262 Ala. 454, 79 So.2d 546, where this Court ruled that the facts there did not warrant a decree of voluntary abandonment.

Appellant argues that the court was without jurisdiction to render a decree for separate maintenance since the husband had been contributing to the support of his wife prior to the filing of the bill by him, citing Benton v. Benton, 214 Ala. 321, 107 So. 827. The holding there is without

controlling influence. Appellee did not file the bill, but it was filed by her husband seeking a divorce and she countered with a cross-bill praying for separate maintenance. The court having taken jurisdiction under appellant's bill, of course, was authorized to decree with respect to appellee's cross-bill, as was done. Such a decree, therefore, was without error.

Appellant also argues that the decree awarding separate maintenance was in fact a decree awarding permanent alimony, and that the court was without jurisdiction to so decree because no divorce was granted. This case does not present such a situation, but on the contrary the decree was one granting the wife separate maintenance under the prayer of her cross-bill. This the court likewise had jurisdiction so to do. Ex parte Tucker, 254 Ala. 222, 48 So.2d 24; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645; Coffman v. Coffman, 263 Ala. 367, 82 So.2d 333.

■ It is hardly necessary to observe that of course such a decree stands open at all times for revision by the trial court if the circumstances of the parties should be substantially changed. Rearden v. Rearden, 210 Ala. 129, 97 So. 138.

■ With respect to the amount of separate maintenance, the court awarded appellee $35.00 per week, a right to live in the home of appellant where she had been residing, and $150.00. as solicitor's fee. This case invites sympathy for both parties, since they are of considerable age, and the appellant's working capacity is decreasing, thereby decreasing his income. Before this law suit started appellee told appellant that if he would give her $100.00 per month and the house, he could do whatever he pleased. The court seems to have awarded her more than she was willing to take before the suit was filed and in view of the lessening of appellant's earning capacity and the situation of the respective parties, an award of $25.00 a week impresses us as sufficient for separate maintenance of ap-

pellee with the right to full use of their former home, which has several rooms and would be susceptible of being rented out. To the extent indicated the decree will be modified, with the right of appellee to petition the court for more weekly support if the circumstances should later show that appellant's income has substantially increased.

■ The decree of the lower court allowing appellee $150.00 for solicitor's fee is also affirmed, the same appearing to this Court to be fair and reasonable.

Modified and affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.