169 So.2d 767
171 So.2d 234

**Fred T. McLENDON**

v.

**Lillian F. McLENDON.**

**4 Div. 204.**

Supreme Court of Alabama.

Dec. 10, 1964.

Whitesell, Alton & DeMent, Montgomery, for appellant.

Cope & Cope, Union Springs, for appellee.

PER CURIAM.

This appeal is from a decree entered in a divorce case. Appellee, wife, filed a bill seeking a divorce from bed and board. She also sought separate maintenance and support. The bill alleged that her husband had voluntarily abandoned her on July 11, 1962. The husband filed an answer denying the allegations of the bill and also filed a cross bill seeking a divorce a vinculo matrimonii alleging that the wife had voluntarily abandoned him on the day set forth in the bill. The appellee wife denied the allegations of the cross bill and in her answer set forth in addition to the allegations made in the original bill that the husband appellant was guilty of adultery.

The case was heard on the oral testimony of both parties and the deposition of the husband. At the conclusion of the hearing the chancellor decreed that the wife be divorced from the bed and board of the appellant on the ground of abandonment and granted $500 per month as separate maintenance and support and a solicitor's fee of $1,000. The chancellor also dismissed the husband's cross bill. The appeal is from this decree.

We have carefully reviewed the record. It consists almost exclusively of the testimony of the two parties. They were married in 1927. This marriage almost from its inception has been marred by a series of quarrels and separations.

■ However, after a careful review of the entire record we conclude that the appellee wife has proved grounds for a divorce for abandonment. Further, in light of the testimony adduced below it cannot be rationally concluded that the chancellor abused his discretion in dismissing the appellant's cross bill, in that there was testimony by the wife tending to contradict the appellant husband's evidence in regard to his allegations of desertion by the wife.

It is argued that the decree should not be affirmed, but modified to the extent of enlarging the relief granted in the decree to a divorce a vinculo matrimonii. This on the grounds that the appellant and appellee have had a tumultuous marriage for over thirty years and viewing the history of this marriage there is no hope that the parties can ever be reconciled.

Admittedly, certain writers in the field of domestic relations have advocated the view that a limited divorce is at best an unsatisfactory arrangement for both parties. However our statutory provisions relating to divorces, and the decisions thereunder, we feel necessitate an affirmance of this decree. Section 36, Title 34, Code of Alabama 1940, provides:

"The judge may decree a divorce from bed and board for cruelty in either of the parties, or for any cause which would justify a decree from the bonds of matrimony, *if the party applying therefor desires only a divorce from bed and board.*" (Emphasis ours.)

This provision has been in our codes since 1852. Prior to the Code of 1852, there was no provision for the granting of a divorce a mensa et thoro. Ex parte State ex rel. Tissier, 214 Ala. 219, 106 So. 866.

■ It should also be noted that under the provisions of Section 22(1), Title 34, supra, the existence of a decree a mensa for four years is itself made a ground for a divorce a vinculo. This section reads:

"The circuit court in equity shall have the power to divorce persons from the bonds of matrimony in favor of either party where there has been a final decree of divorce from bed and board, or of separate maintenance, when such decree has been in force and effect for more than four years."

■■ There is a great difference in the effects of a decree a vinculo as compared with a decree a mensa. A divorce from the bonds of matrimony bars a wife of her dower and of any distributive share in the personal estate of her husband. A decree of divorce from bed and board does not remove the vinculum of marriage. Such a divorce is only a legal separation, the marriage continuing in regard to everything not necessarily withdrawn from its operation by the decree. Drake v. Drake, 262 Ala. 609, 80 So.2d 268.

In Adair v. Adair, 258 Ala. 293, 62 So. 2d 437 at 443, this court stated:

"In fact, the legal effect of the wife's selection and pursuance of the remedy for limited divorce is to save for herself the right of her dower interest in the husband's estate if he predeceases her and the right to share and participate in the division of his personal estate and to have a homestead or an allowance in lieu thereof of the value of $6,000."

■ Regardless of the argued desirability of granting a full divorce in all cases where the grounds for a divorce are established, such policy is beyond our province in view of the clear statutory provisions providing for the award of limited divorces where the party applying desires such a limited decree.

■ The testimony below was ore tenus before the trial court. We must accord to the finding of fact by the trial court the same presumption as would be accorded in favor of the verdict of the jury rendered upon the same facts, and we should not set aside such finding unless palpably erroneous. This principle is so well settled as to require no citation of authority.

■ The testimony below fully supported the decree of the court below, and accorded with the prayer for a limited divorce contained in the appellee's bill. We can find no basis for disturbing the trial court's decree. Otherwise, our statutory provisions, and innumerable decisions thereunder, would be rendered of no force and effect. These provisions have been in our

codes too long to now repeal them by judicial decree. Such is a matter for the legislature and not the courts.

In his brief counsel for appellee has requested that this court allow an attorney's fee for representation of the appellee. We think the prayer well taken and the fee of $250 is hereby ordered to be allowed counsel for appellee for services rendered in this appeal.

Affirmed.

All the Justices concur except SIMPSON, J., who dissents.

SIMPSON, Justice (dissenting).

It is my view that the evidence more than justified a decree a vinculo rather than the instant one which throws the parties back upon society in dangerous positions, where a husband is without a wife and a wife is without a husband.

Unquestionably the trial court, in the exercise of a wise discretion, had the right to enter a decree a vinculo since under our statutes and decisions both decrees rest upon the same ground and the bill, containing a prayer for general relief, would have authorized such a decree. Considering the circumstances of these parties, I am persuaded that justice demanded that an absolute divorce be rendered. They have been married for over thirty years and the evidence would convince the impartial mind that they will never be reconciled, which is one of the arguments most frequently used in defense of divorces from bed and board.

The text writers and the decisional law point out that a divorce from bed and board is a poor arrangement at best, as is stated in 27 C.J.S. Divorce § 160, p. 786:

"It is usually preferable to grant an absolute divorce; and such a divorce may and should be granted where there appears to be no possibility of a reconciliation being effected after a divorce from bed and board."

I think that when the evidence is such that it is apparent that the parties will never again live together in peace and harmony, sound equitable principles dictate that the court render an absolute divorce where statutory grounds are shown. Quoting from Keezer on Marriage and Divorce, Morland's Third Edition, 1946, § 244, the Kentucky Supreme Court noted in Coleman v. Coleman, Ky., 269 S.W.2d 730:

"'The English courts have said it [divorce from bed and board] is throwing parties back upon society in the undefined and dangerous characters of a husband without a wife, and a wife without a husband. * * * Legal separations are expressly prohibited in some states, and in others are unknown. It has been a disputed question whether they serve any useful purpose. The weight of argument and authority is against them. To be sure, they may possibly secure a judicial settlement of matrimonial troubles and give an innocent wife protection from a cruel or drunken husband; but the same result could be obtained by divorce, alimony, and a restraining order or injunction, and leave the parties in a much better position for themselves and before the community. Mr. Justice Swift says, "it places them in a situation where there is an irresistible temptation to the commission of adultery, unless they possess more frigidity, or more virtue than generally falls to the share of human beings".' "

See also Conant v. Conant, 10 Cal. 249, 257, 70 Am.Dec. 717; Crews v. Crews, 68 Ark. 158, 56 S.W. 778; Crabtree v. Crabtree, 154 Ark. 401, 242 S.W. 804, 24 A.L.R. 912; 27A C.J.S. Divorce § 160(6). The theme of these cases is that the trial court is invested with a discretion depending upon the evidence as to whether a divorce a mensa will be granted or a divorce a vinculo.

The following statement in the majority opinion is certainly an inaccurate appraisal of the law: "Regardless of the argued desirability of granting a full divorce in all cases where the grounds for a divorce are established, such policy is be-

yond our province in view of the clear statutory provisions providing for the award of limited divorces where the party applying desires such a limited decree". It will be remembered that in this case there was a prayer for general relief and to say that a court of equity would have no discretion to decree under the evidence a divorce a vinculo as well as a mensa is not only contrary to general principles of equity but is too hidebound a view for me to accept.

On the basis of these considerations I would modify the decree below by granting the parties a complete divorce.