213 So.2d 397

**Ned MORRISON**

**v.**

**Oddie HUBBARD et al.**

**6 Div. 560.**

Supreme Court of Alabama.

July 11, 1968.

Jere Campbell, Tuscaloosa, for appellant.

Davis & Baird, Tuscaloosa, for appellees.

KOHN, Justice.

Appellees brought this action in the circuit court of Tuscaloosa County, Alabama, in equity. The bill of complaint sought to determine the true and correct boundary line between the properties of the respective parties herein, and further sought damages for the cutting and removing of timber from the property of the appellees.

The appellant filed an answer and cross-bill. The answer denied the allegations of the appellees' bill of complaint and the cross-bill sought a determination of the true and correct boundary line between the appellant's and appellees' respective properties, and claimed a portion of appellees' property, and further sought damages for cutting and removing of timber on appellant's property. The appellees filed an answer to the appellant's cross-bill and issue was joined thereon.

On August 18, 1967, a final decree was entered in favor of the appellees and against the appellant, fixing and determining the true and correct boundary line between the properties of the parties, and denying damages to either party for the alleged cutting and removing of timber from the disputed property. Appellant filed a motion for a rehearing which was overruled. Thereafter, the appellant perfected this appeal.

The appellees purchased the disputed property at public auction at Tuscaloosa County, Alabama. The property was a part of the J. W. Morrison estate which was sold pursuant to a decree of the circuit court of Tuscaloosa County, Alabama, ordering the same sold for division among the joint owners. The appellant was a joint owner and was a party to the suit filed to sell the property for division. The appellant was served with notice of the public sale, he made no defense and suffered a decree pro confesso to be entered against him. Subsequent to the sale, appellant accepted a check from the register of the circuit court of Tuscaloosa County for his share of the proceeds of the sale.

The appellant owned a tract of land adjoining the property involved in this suit, and is claiming by adverse possession a 600-foot strip of the disputed property.

The appellant, in his brief, states that he bases his claim to the property on the theory of adverse possession. We do not feel it necessary in this case, however, to set out the law in this state on adverse possession, for after a careful study of the record, the appellant's brief, and the authorities cited therein, we do not feel it necessary to reverse the trial court's decree. This court has long held that where all of the evidence is heard orally by the trial court, that court's finding has the effect of a jury verdict and will not be disturbed unless plainly erroneous and manifestly wrong. McLendon v. McLendon, 277 Ala. 323, 169 So.2d 767, 171 So. 2d 234; Jones v. Boothe, 270 Ala. 420, 119 So.2d 203; Talbot v. Braswell, 266 Ala. 578, 98 So.2d 7. In the present case, there is evidence to support the trial court's decree, and we do not find it plainly erroneous or manifestly wrong.

As the decree of the trial court is substantially supported by the evidence, it is, therefore, affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.