The wife filed a complaint for a divorce a vinculo martimonii
and requested pendente lite alimony, child support, suit money and attorney's fees. After a hearing the trial court issued a pendente lite order granting custody of the parties' minor daughter to the wife and awarding the wife alimony and child support. The wife was awarded the right to occupy the parties' jointly-owned residence and the husband was required to keep in force medical insurance for the benefit of the wife and minor daughter. The husband thereafter answered and counterclaimed for divorce. The wife amended her complaint to ask for a divorce a mensa et thoro instead of a vinculo matrimonii. After an ore tenus hearing the trial court issued a final decree. The decree made the following provisions: (1) granted a divorce amensa et thoro; (2) awarded custody of the minor daughter to the wife; (3) gave each party his or her own personal effects and awarded the household furnishings to the wife; (4) ordered that the husband pay $50.00 per week child support and $50.00 per week alimony, "until October 24, 1984 at which time child support payments shall cease"; (5) ordered that the residence of the parties be sold within a reasonable period of time after October 24, 1984, and the proceeds divided equally between the parties; (6) awarded an attorney's fee to the wife in the total amount of $1,558.70; (7) awarded the wife a 1973 Monte Carlo Chevrolet automobile; (8) ordered the husband to pay the wife's current medical bill in the amount of $297.00; (9) divided the parties' four cemetery lots equally between the parties; and (10) ordered that "The husband shall maintain the wife's medical insurance until this divorce is final." The wife appeals to this court contending that the trial court abused its discretion in its award of periodic alimony and alimony in gross. She requests an attorney's fee for this appeal.
The record reveals the following pertinent facts: The parties have been married approximately twenty-six years. Of the three children born of the marriage, the daughter, Judy, was still a minor at the time of the trial. She will reach her majority on October 24, 1984. The husband was forty-eight years old at the time of the trial and employed as a market manager at Huntsville Coca Cola Company. In addition to his weekly gross salary of $414.00, the husband is furnished the use of an automobile for business purposes, gets vacation pay and a Christmas bonus. His company provides a retirement plan and medical insurance. The husband is in good health.
The wife was forty-five years old at the time of the trial. Her formal education did not continue past the tenth grade. She has obtained a GED. The wife's work experience has included four or five years in the spinning room at Huntsville Manufacturing Company, two years at the Lee High School cafeteria, one summer's employment at J.C. Penney's, seven years babysitting, and nine years selling Mary Kay Cosmetics. The wife's income in 1980 was approximately $46.00 per week. Her income in 1981 was approximately $52.80 per week. For the past four or five years the wife has suffered from rheumatoid arthritis. At trial the parties stipulated that the wife will not be able to exceed her previous earnings and in all probability will earn less in the future. An employment expert testified that the wife has little or no employability potential. The wife's monthly expenses are approximately $584.45. In addition she estimated annual expenses at $1,810.00 and incurs approximately $750.00 a year for trips to Washington for therapy. The cost of prescription and non-prescription medicines is approximately $100.00 per month.[1] *Page 1065 
The first issue raised by the wife on appeal is whether the trial court abused its discretion in the amount of periodic alimony awarded.
We review judgments entered by the trial court after oral hearing with a presumption of correctness. Armstrong v.Armstrong, 391 So.2d 124 (Ala.Civ.App. 1980). Awards of periodic alimony in a divorce case are within the sound discretion of the trial court and will not be reversed unless the record indicates a clear and palpable abuse of that discretion. Rose v. Rose, 395 So.2d 1038 (Ala.Civ.App. 1981). In determining the proper amount of alimony the factors to be considered include the future prospects of the parties, their ages, health, station in life, the length of the marriage, in appropriate cases the conduct of the parties as regards the cause of the divorce, the needs of the recipient and the ability of the other to pay. Hurd v. Hurd, 397 So.2d 133
(Ala.Civ.App. 1980), cert. denied, 397 So.2d 135 (Ala. 1981).
The conduct of the husband, as revealed by the record, shows a marked indifference and callous disregard for the wife's health problems. The husband does not believe the wife is as ill as she claims. He admits to seeking the company of another woman and living openly with her in the presence of his daughter. Such conduct may properly be considered in determining an award of alimony. Clearly the wife is in need of greater support than $50.00 per week. In view of the husband's earnings, however, and his current additional responsibility to pay $50.00 per week in child support, we cannot say that the alimony award constitutes a clear abuse of discretion. We note that alimony in divorce from bed and board may be modified upon a showing of a material change in circumstances as in the case of absolute divorce. Adair v. Adair, 258 Ala. 293, 62 So.2d 437
(1952). Cessation of the husband's responsibility to pay child support in October 1984 might be viewed as a circumstance affecting his ability to pay alimony should the wife seek a modification at that time.
The wife expresses concern that the provision in the decree for alimony and child support may be construed to mean that alimony ceases at the time child support ceases. Her concern is without support. We consider the provision allowing cessation of child support in October 1984 has no effect on the payment of alimony.
The second issue on appeal is whether the trial court erred in its award of alimony in gross or division of property. In addressing this issue, we are confronted with an unusual situation. We have previously disclosed that plaintiff sought and was awarded a divorce a mensa et thoro (in statutory language, a divorce from bed and board). It has long been the case law of this state that such a divorce does not remove the vinculum of the marriage. Ellison v. Mayor, 53 Ala. 558 (1875). The legal effect of such divorce is to permit the parties to live apart but to preserve to the wife her right of dower interest in the husband's estate, the right to share and participate in the division of his personal estate, if she survives him, and to have a homestead or an allowance in lieu thereof. McLendon v. McLendon, 277 Ala. 323, 169 So.2d 767
(1964); Adair, supra. (In view of recent gender neutral decisions and amendments to that end to our divorce statutes, it may be contended that such legal effect extends to both husband and wife.)
Our courts have said that a property division or alimony in gross is a final, non-modifiable settlement of all equities between the parties derived from or growing out of the marriage relationship. Hager v. Hager, 293 Ala. 47, 299 So.2d 743
(1974). It must reasonably follow, therefore, that such a remedy is not available to the court in the granting of a limited divorce from bed and board. Adair, supra.
In this case, the wife, though alleging joint ownership of a home with her husband, did not seek the sale and division of it, but only sought the right of occupancy for herself and her minor child. By seeking only a limited divorce, it may be presumed that the wife did not wish to extinguish her marital rights in the estate of her husband. *Page 1066 
The record indicates that she believed that an absolute divorce would terminate her coverage under the husband's health insurance. She was probably correct.
The unusual aspect of the case is that the wife has not raised as an issue on appeal any error in the decree of the court other than an abuse of discretion in the awards of periodic alimony and alimony in gross. It is a general rule of appellate review that no matters will be considered on appeal unless presented and argued in brief. McNeill v. McNeill,332 So.2d 387 (Ala.Civ.App. 1976). This court therefore will not consider the order for the sale of the home and equal division of the proceeds therefrom as cause for reversal. We have set out these matters above for the information of the parties and the trial court. For further edification as to possible claims of homestead in the future, at least, if the sale precedes further decretal disposition in an absolute divorce, we citeMcLendon, supra; Drake v. Drake, 262 Ala. 609, 80 So.2d 268
(1955); Adair, supra.
It is our opinion that the sale of the home and equal division of the proceeds therefrom, as ordered, is not so erroneous as to be termed a gross abuse of discretion, though it might be said that it takes nothing from the estate of the husband. The standard of our review is not what we might have done if sitting nisi pruis, Novak v. Novak, 339 So.2d 77
(Ala.Civ.App. 1976). We do not therefore reverse on that issue.
The wife contends for construction of the final sentence of the decree. That sentence is, "The husband shall maintain the wife's medical insurance until this divorce is final."
We admit to some quandary as to the intent of the reference to "until this divorce is final." It is certain that the decree for divorce from bed and board was final on the date it was signed by the judge. Otherwise it would not be here on appeal.Searcy v. Searcy, 242 Ala. 129, 5 So.2d 97 (1941). Certainly the learned trial judge knew his judgment was final as to all issues then presented. Therefore it may be surmised that he had in mind a final absolute divorce obtained under § 30-2-2, Code (1975). However, the construction of that sentence is not properly before us. The question of construction and meaning of its decree should have been presented to the trial court by motion under Rule 59, A.R.C.P. Not having been so presented, we do not consider it now properly before us.
Attorney fee requested by the wife on appeal is denied.
The judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] Estimated expenses do not include medical expenses covered by the husband's medical insurance.