PITTMAN, Judge.
D.L.J. (“the husband”) appeals from the trial court’s modification of a judgment of legal separation entered on May 1, 1999. On November 25, 1998, B.R.J. (“the wife”) filed a complaint requesting a divorce from the husband. Five months later, the wife amended her complaint to seek only a legal separation instead of a divorce and filed deposition testimony to the effect that she and the husband had reached a fair and reasonable agreement settling all issues raised by her complaint for a legal separation. On May 1, 1999, the trial court “ratified and confirmed” the parties’ legal separation agreement. The agreement provided, in pertinent part:
“The parties shall maintain joint ownership of all the real property presently owned by them with all the attendant rights of co-tenancy and survivorship remaining unaltered by this Agreement.”
The agreement also reserved the issue of alimony and provided that the husband would maintain health insurance on the wife and would pay all of her medical expenses.[1]
On February 25, 2002, the wife[2] filed a petition to modify the judgment, alleging a material change in circumstances; the wife’s petition requested an award of alimony and an equal division of the real property owned by the parties. The wife’s petition also included a request that the trial court find the husband in contempt for failure to fulfill all of his obligations under the separation judgment. The husband filed a motion to dismiss the wife’s petition. The trial court held a hearing on June 6, 2002, and it denied the husband’s motion to dismiss.
The husband and four of the couple’s adult children testified during the ore ten-us proceeding. The husband testified that he was 65 years old, that he had retired as a construction worker and pipe fitter, that he has had heart-bypass surgery, and that he is deaf in one ear. At the time of trial, the husband received monthly Social Security benefits in the amount of $1,075; he was also collecting pensions from his local and national unions totaling $489 per month. Also, the husband testified that he was receiving a monthly check of $158.56 from an individual-retirement account that was awarded to him in the original separation agreement. The husband, at the time of trial, had custody of and responsibility for a seven-year-old grandson of the parties.
The husband explained his belief that modification of the separation judgment was not necessary because the couple had previously purchased 17 acres on Old Gorgas Road in Tuscaloosa County to sell for *244 a profit when either the husband or the wife should need the money. He stated that he had inherited the marital residence and 30 acres of land on which the residence was located. The husband also testified that he had purchased 60 adjoining acres from his parents’ estate when his siblings decided not to keep the property. Additionally, the husband stated that the parties also owned a waterfront lot on Lake Tuscaloosa that could be sold at any time to provide money to defray the parties’ living expenses. The husband testified that the separation agreement required that “any and all income/profits received from said real estate shall be divided equally between the parties.” The husband testified that he believed that provision meant that he could deduct maintenance costs and property taxes paid on the property from rentals received before sending the wife half of the monthly rental income.
L.D., one of the couple’s daughters who had been appointed as the wife’s conservator, testified that the wife had been fully coherent and reasonably healthy until June 2001, but that she had lost much of her physical and mental abilities since that time. L.D. testified that, by the time of trial, she was bathing the wife, feeding her, taking her to doctor appointments, purchasing and administering medications, and generally handling all of the wife’s activities on a daily basis. L.D. testified that the wife’s monthly expenses, including medication, totaled $847. In addition to that amount, L.D. testified that, because she had to hire a sitter whenever she left town or left the house for any reason, the wife was incurring monthly sitter fees of no less than $600. L.D. stated that she had had to quit her job in order to take care of the wife, who, L.D. stated, could die at any time.
L.D. testified that the wife received $555 in monthly Social Security payments. L.D. stated that, by the time of trial, the wife’s checking account had only $22,000 left to defray all of her expenses for the rest of her life and that, therefore, L.D. had requested on behalf of the wife that the trial court award the wife alimony. She stated that the husband had not paid the wife her half of the rental income received from property owned jointly by the husband and the wife for several months and that he had an accumulated arrearage of $1,500. Lastly, L.D. asked the trial court to divide the marital property so that as conservator she could sell the property awarded to the wife to help pay for the living expenses of the wife until her death. During cross-examination, L.D. admitted that the husband was required to pay for all medical expenses that the wife incurred, including medications, and that those expenses, totaling $262 per month, should be deducted from L.D.’s calculation of the wife’s monthly expenses.
R.M.F., another daughter of the couple, testified that on one occasion the husband had struck the wife in the face, causing her to fall and giving her a black eye. R.M.F. stated that she visited the wife once a week and that the wife’s condition was deteriorating quickly. R.M.F. confirmed L.D.’s testimony that the wife’s health was so poor that she might die soon.
W.V., another daughter, testified that the husband and wife had been argumentative throughout their marriage. W.V. stated that she saw the wife hitting the husband on one occasion; on another occasion, when the wife received the black eye, W.V. testified that the wife stated that it was a result of the pushing and shoving that the couple “always” did during an argument. W.V. stated that, when she was a child, she had surprised the wife while she was kissing another man. W.V. *245 also testified that she knew the husband had been unfaithful to the wife.
D.W., another daughter of the couple, testified that during the two years before the trial, while the wife had been living with L.D., the family unit had disintegrated. D.W. stated that L.D. had threatened to arrest her if D.W. tried to visit the wife. During redirect, the husband stated that he knew of several affairs his wife had conducted during their marriage.
The trial court issued its judgment on June 10, 2002. The trial court found in its judgment that the husband and the wife had been married for 41 years before the separation judgment was entered. During that time the parties had acquired three parcels of property: the marital residence and approximately 90 acres adjoining the residence, a waterfront lot on Lake Tuscaloosa, and 17 acres on Old Gorgas Road in Tuscaloosa County. As a result of the wife’s rapidly deteriorating health, the trial court concluded that a material change of circumstances had been shown so as to necessitate a modification of the separation judgment. The trial court awarded the wife the lakefront lot, awarded the husband the marital residence and adjoining acreage, and awarded each party an undivided one-half interest in the Old Gorgas Road property. The trial court awarded the wife $200 in monthly alimony, and it entered a judgment against the husband for $1,400 (the amount the trial court determined to be the arrearage in rental income owed to the wife). In the judgment, the trial court specifically found the husband not to be in contempt of court.
Both the husband and the wife filed postjudgment motions contending that the property division was inequitable. Additionally, the husband argued that no material change in circumstances had been demonstrated and that the wife was not entitled to alimony due to her possession of other assets. On August 22, 2002, the trial court conducted another hearing and accepted appraisals of the value of the three parcels from both parties. After reviewing the appraisals, the trial court modified the June 10, 2002, judgment on September 18, 2002, by making additional findings of fact regarding the properties in dispute.
The trial court found that the lakefront property had a fair market value of $45,000. The trial court determined that the marital residence was situated on 5 acres and was adjacent to 85 undeveloped acres; the trial court found the fair market value of the marital residence (and the five acres) to be $145,000 and the fair market value of the adjacent 85 acres to be $150,000. The parties stipulated that since the separation judgment, the husband had spent $14,000 in repairs to the marital residence, and the market-value determination by the trial court reflected those repairs.
The amended judgment awarded the husband the marital residence and the five acres, divesting the wife of any interest in that property. The trial court then awarded each party an undivided one-half interest in the remaining 85 acres as tenants 'in common (i.e., with no right of survivor-ship). All other provisions of the June 10, 2002, judgment were reaffirmed in the September 18, 2002, amended judgment.
The husband filed a postjudgment motion requesting “clarification” of the amended judgment. The trial court thereafter clarified the property division by entering an order listing the specific property interests awarded to each party in the judgment. The husband received the marital residence and 5 acres, valued at $145,000; an undivided one-half interest in the 85 adjoining acres, valued at $75,000; and an undivided one-half interest in the 17 acres on Old Gorgas Road, valued at *246 $71,000, property worth a total value of $291,000. The wife received the lakefront property, valued at $45,000; an undivided one-half interest in the 85 acres adjacent to the marital residence, valued at $75,000; and an undivided one-half interest in the Old Gorgas Road property, valued at $71,000, property worth a total value of $191,000. Based on those property values, the trial,court reaffirmed its judgment dividing the marital property and awarding $200 in monthly alimony to the wife.
The husband appeals and argues that the trial court erred (1) in making a final division of property in a legal separation action and (2) in modifying the separation judgment without the parties’ consent or a showing of a material change in circumstances. ' The husband does not appeal the award of periodic alimony. Initially, we note that this court’s review of the trial court’s amended judgment is governed by the ore terms ■ standard, under which we apply a presumption of correctness to the trial court’s judgment. See Roberts v. Roberts, 802 So.2d 230 (Ala.Civ.App.2001); see also Mullins v. Mullins, 416 So.2d 1063 (Ala.Civ.App.1982).
Legal separations in Alabama are governed by § 30-2-40, Ala.Code 1975. That section of the Alabama Code was adopted by the Alabama Legislature with an effective date of January 1, 1999. Pursuant to that statute, a legal separation is a “court determination of the rights and responsibilities of a husband and wife arising out of the marital relationship,” and a “legal separation does not terminate the marital status of the parties.” See § 30-2-40(b), Ala. Code 1975.
The husband argues that this court’s holding in Mullins prohibits the trial court from making a final division of the marital property in a legal separation action. It is clear that, under earlier Alabama caselaw addressing judgments of divorce from bed and board (a mensa et thorn, the common law predecessor to legal separation), final awards of alimony and separate property were not permitted. See Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974); McLendon v. McLendon, 277 Ala. 323, 169 So.2d 767 (1964). However, the Alabama Legislature has modified the common law by adopting a statute governing legal separations that contains provisions found in model laws or other states’ statutes. We have located no Alabama cases decided since the effective date of that statute that interpret the provisions of § 30-2-40.
The applicable rules of statutory construction are quite clear:
“ ‘The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.’ ”
Ex parte Master Boat Builders, Inc., 779 So.2d 192, 196 (Ala.2000) (quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)); see also Smith v. Smith, 836 So.2d 893 (Ala.Civ.App.2002). In this case, the crucial issue is the manner in which the trial court applied the following statutory provision: “The terms of a legal separation can be modified or dissolved only by written consent of both parties and ratification by the court or by court order upon proof of a material change of circumstances.” Ala.Code 1975, § 30-2^0(c) (emphasis added).
*247 The record is clear that the only agreement of the parties in this case relates to the original separation agreement that was incorporated into the 1999 separation judgment. Subsequent to the entry of that judgment, the wife became incompetent to handle her own affairs. The statute, however, provides for a modification “upon proof of a material change of circumstances.” The trial court made a specific finding of fact that the deterioration of the wife’s mental and physical health following the separation judgment constituted a material change in circumstances, thereby necessitating a modification of the judgment.
Both our Supreme Court and this court have consistently held that a trial court’s judgment modifying an original award of alimony or maintenance will be upheld on appeal absent an abuse of discretion. See Parsons v. Parsons, 284 Ala. 105, 222 So.2d 360 (1969); see also Crittenden v. Parker, 350 So.2d 1058 (Ala.Civ.App.1977). Even in Mullins, supra, involving an appeal from a judgment of a divorce from bed and board, this court upheld an alimony award of $50 per week as not constituting an abuse of discretion. Furthermore, this court upheld a judgment awarding the marital home to the wife after granting her a divorce from bed and board. See Phillips v. Phillips, 666 So.2d 526 (Ala.Civ. App.1995). In upholding the trial court’s decision in Phillips, this court quoted the well-established rule that “the division of property pursuant to a divorce is a matter that rests soundly within the discretion of the trial court, and ... its judgment will not be disturbed on appeal absent an abuse of that discretion.” Phillips, 666 So.2d at 529.
Additionally, previous appellate decisions relating to maintenance payments in the context of judgments of divorce from bed and board have held that the issue of separate maintenance remains open for revision by the trial court if the circumstances of the parties should substantially change. See Carreker v. Carreker, 273 Ala. 199, 137 So.2d 772 (1962); Holley v. Holley, 257 Ala. 250, 58 So.2d 783 (1952). We conclude that, in light of Alabama precedents dealing with divorces from bed and board and our Legislature’s express intent that trial courts retain jurisdiction to modify judgments of legal separation, the trial court did not err in entering a judgment modifying the 1999 separation judgment.
As to the husband’s argument that § 30-2-40 codified all preexisting common law relating to the division of property in judgments for divorce from bed and board, we note that before § 30-2-40 was enacted, § 30-2-30, Ala.Code 1975, which has been repealed by the Legislature, granted a trial court the discretion to enter a judgment of divorce from bed and board on any grounds that would justify an absolute divorce if the party applying therefor desired only a divorce from bed and board. See McLendon, supra; see also Hilfer v. Hilfer, 53 Ala.App. 549, 302 So.2d 237 (1974), and Davis v. Davis, 281 Ala. 59,198 So.2d 787 (1966). In contrast, the current statute authorizes the trial court to grant a request for a legal separation only if all of the conditions of subsection (a) of § 30-2-40 are met. Those conditions are (1) proper jurisdiction, (2) both parties’ desire to live apart or evidence sufficient to grant an absolute divorce, and (3) the trial court’s provision for child custody and child support (if applicable). See § 30-2-40(a), Ala. Code 1975. The statute specifically provides that each party’s earnings and/or accumulations of retirement benefits following a judgment of legal separation remain the separate property of the party acquiring those earnings or benefits, that each party may convey his or her real estate without the consent of the other, *248 and that each party may waive all rights to inherit from the other. See § 30-2^á0(f). The remainder of the statute addresses the effect of the provisions of the separation judgment in future divorce actions filed by either party to the separation. We do not find any “saving” clause or other language in the statute that directly adopts the. previous common law pertaining to judgments for divorce from bed and board, or, more specifically, the holdings in Mullins and Hager, that the husband contends bar permanent alimony or property awards.
More importantly, § 30-2-40(d) specifically gives the trial court discretion to consider “provisions of the legal separation relating to alimony or a property settlement ” (emphasis added) when considering a final dissolution of the marriage, although it relieves the trial court of a duty to be bound by such provisions when crafting a final divorce judgment. Obviously, if terms of a separation judgment addressing alimony and division of marital property may be incorporated into a final divorce judgment in certain instances, then it logically follows that (1) a trial court may include such terms in a legal separation judgment, and (2) a trial court may modify those alimony and property-division provisions pursuant to a proper action to modify the separation judgment. Section 30-2-40(c) specifically gives trial courts the authority to modify legal separation judgments. ■ The trial court in this case acted within that delegated power in entering a judgment modifying the 1999 separation judgment to include a periodic-alimony provision. Moreover, the trial court could properly modify that portion of the separation judgment incorporating the parties’ agreement to hold all marital property in joint tenancy with the right of survivor-ship. That agreement, incorporated into the 1999 separation judgment, was as susceptible to modification upon a showing of changed circumstances pursuant to the provisions of § 30-2-40(c) as the other provisions of the original judgment.[3]
Under Master Boat Builders, supra, we must give the language of § 30-2-40 its plain meaning; therefore, we conclude that if the Alabama Legislature had intended to limit the modification of separation judgments as to awards of alimony or the division of marital property, it would have done so explicitly. Instead, the statute clearly gives trial courts the power to modify separation judgments in two specific instances, the applicable one here being upon a showing of a material change of circumstances. We conclude, therefore, that the trial court did not err when it modified the 1999 separation judgment and divided the marital property between the husband and the wife as part of its modification of that judgment. The trial court’s judgment is thus due to be affirmed.
AFFIRMED.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., dissents.

. At the time of the trial court’s separation judgment, the wife had been diagnosed with brain cancer and was about to undergo surgery and other cancer treatments. According to the record, the wife needed the benefits of the husband's health insurance; that is apparently why neither party requested an absolute divorce.

. The record consistently identifies the wife as the plaintiff, whereas trial testimony established that L.D., as conservator for the wife, in fact had handled all legal matters for the wife during the 12 months preceding the trial.

. We note that the while the modified separation judgment divides three parcels of marital property between the' parties, because this is not an absolute divorce, the husband still retains his inchoate marital rights and may receive some distribution from the wife's" estate. See, e.g., § 43-8-41 and § 43-8-190, Ala.Code 1975.