MURDOCK, Judge,
dissenting.
I respectfully dissent.
I first note that our caselaw has always provided that a property division or an alimony in gross award, being final, non-modifiable settlements, are not available to the court in the granting of- a legal separation to the parties. E.g., Mullins v. Mullins, 416 So.2d 1063 (Ala.Civ.App.1982). *249 In McLendon v. McLendon, 277 Ala. 323, 169 So.2d 767 (1964), our Supreme Court stated:
“There is a great difference in the effects of a decree a vinculo as compared with a decree a mensa. A divorce from the bonds of matrimony bars a wife of her dower and of any distributive share in the personal estate of her husband. A decree of divorce from bed and board does not remove the vinculum of marriage. Such a divorce is only a legal separation, the marriage continuing in regard to everything not necessarily withdrawn from its operation by the decree. Drake v. Drake, 262 Ala. 609, 80 So.2d 268 [(1955)].
“In Adair v. Adair, 258 Ala. 293, [300-01,] 62 So.2d 437 at 443 [(1952)], this court stated:
“ ‘In fact, the legal effect of the wife’s selection and pursuance of the remedy for limited divorce is to save for herself the right of her dower interest in the husband’s estate if he predeceases her and the right to share and participate in the division of his personal estate and to have a homestead or an allowance in lieu thereof of the value of $ 6,000.’ ”
277 Ala. at 325, 169 So.2d at 769. I also note that “[statutes in derogation of the common law are ... presumed not to alter the common law in any manner not expressly declared.” Sutherland v. Roth, 407 So.2d 139, 140 (Ala.Civ.App.1981). I see nothing in § 30-2-40, Ala.Code 1975, enacted in 1999, that alters our common-law precedent.
While § 30~2-40(d) makes reference to a “property settlement,” there is no predicate for this reference. Nowhere in the statute does the Legislature affirmatively state that a trial court may impose a property division upon the parties to a legal separation without the agreement of both of the parties. For all that can be gleaned from the statement in § 30-2-40(d) that the trial court “shall order that the terms of the legal separation relating to alimony or a property settlement be incorporated into a final divorce decree only if agreed to by the parties,” the Legislature is merely alluding to property settlements that are, indeed, “agreed to by the parties.” This would be consistent with caselaw that was well established before the enactment of this statute, as well as with the other provisions of the statute itself, as discussed below.[4]
Secondly, I do not see how the fact that § 30-2-40(c) provides that “[t]he terms of a legal separation can be modified or dissolved” under certain conditions in any way addresses the question of what could be included in those terms to begin with. Indeed, this provision says nothing more than that whatever the law permits to be addressed in a judgment of legal separation may subsequently be modified if there is a material change of circumstances. It does not address the question of what it is *250 that our law permits to be addressed in such a judgment. The only authority that addresses that question is the same case-law authority that addressed it before the enactment of the statute.[5]
Thirdly, an argument is made that § 30-2-40(f) provides that the trial court may impose a property division upon the parties prior to a divorce. To the contrary, I find that this section, by negative inference, reveals that a final division of real property was not contemplated by our Legislature absent an agreement by the parties. Section 30 — 2—40(f) provides, in pertinent part:
“(f) Upon written consent by both parties, after entry of a decree of legal separation, all of the following provisions shall apply:
[[Image here]]
“(2) A spouse may convey his or her real estate without the signature or consent of the other spouse.”
(Emphasis added.) In providing that a spouse may convey his or her separate real estate without the signature or consent of the other spouse if there is “written consent by both parties,” it is clear that the statute removes any requirement for the signature or consent of a spouse in connection with the conveyance of real property only in cases where the parties agree to this in writing.
The main opinion cites Phillips v. Phillips, 666 So.2d 526 (Ala.Civ.App.1995), as a case in which this court upheld a judgment awarding the marital home to the wife after granting her a divorce from bed and board. This award of the marital home was done in a subsequent judgment of divorce, however, not in the judgment of divorce from bed and board or a “modification” of that judgment. Nor does the fact that cases have held that the issue of separate maintenance remains open for revision by the trial court if the circumstances of the parties should substantially change during the course of a legal separation, see Carreker v. Carreker, 273 Ala. 199, 137 So.2d 772 (1962), and Holley v. Holley, 257 Ala. 250, 58 So.2d 783 (1952), have any bearing, in my view, on the issue here presented. Similarly, I do not find the difference in the articulation for grounds for a divorce from bed and board in § 30-2-40 and the now repealed § 30-2-30 helpful in this case.
Finally, and perhaps most importantly, our Supreme Court has “often stated that ‘the meaning of statutory language depends on context,’ and that, as a result, statutes must be read as [a] whole in order to ascertain the meaning and intent of each component.” Ex parte Master Boat Builders, Inc., 779 So.2d 192, 196 (Ala.2000) (quoting Ex parte Jackson, 614 So.2d 405, 406 (Ala.1993)). The result achieved by the main opinion is inconsistent with one of the purposes, if not the main purpose, for the Legislature’s providing for a legal separation. As the Comment following § 30-2-40 explains:
“A legal separation will be utilized by many couples during a time in which they desire to live apart but are hoping for eventual reconciliation. To encourage reconciliation, by limiting to the extent possible, the adversarial nature customarily associated with the dissolution of the marriage subsection (d) was in- *251 eluded. Accordingly, absent agreement by the parties, neither the court nor the couple will be bound by the economic arrangements of the legal separation if ... one of the parties subsequently files for a final dissolution of the marriage.”
By forcing the parties to litigate during their legal separation the permanent division of their real property, the trial court in this case has forced upon the parties an adversarial posture which the Legislature intended to avoid.[6]

. To the contrary of the result reached by the main opinion, the written agreement of the parties in the present case expressly provided that, during their legal separation, the parties would maintain “joint ownership of all the real property presently owned by them with all the attendant rights of co-tenancy and sur-vivorship remaining unaltered by this Agreement. All transactions (sale; mortgage; pledge; lease; or any other transfers of interest) regarding said real property shall require joint approval from both parties.” The parties' agreement also contains the following language:
“11. ACCEPTANCE OF PARTIES/WAIVERS: Both parties accept these provisions in full and final settlement and satisfaction of all claims for property which one may have against the other. Furthermore, each party fully discharges the other from all such property claims unless otherwise provided in this Agreement.”

. Indeed, § 30-2-40(c) is essentially only a restatement of the common-law rule regarding modification of legal separation judgments that was in place prior to the enactment of § 30-2-40. See Carreker v. Carreker, 273 Ala. 199, 137 So.2d 772 (1962); Holley v. Holley, 257 Ala. 250, 58 So.2d 783 (1952) (modification is appropriate if the circumstances of the parties should substantially change during the course or a legal separation).

. The portion of the Comment pertaining to subsection (d) of the statute expressly states that "absent agreement by the parties, neither the court nor the couple will be bound by the economic arrangements of the legal separation if ... one of the parties subsequently files for a final dissolution of the marriage.” The Comment also explains that the statute was intended to allow the court to make an equitable division of the property of the parties upon an eventual divorce, while simultaneously providing the parties the option of agreeing to "live separate economic lives” during the course of the legal separation.